GEORGE A. ALLSOPP, INC., A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, v. EDGAR T. HONEY AND EDNA M. HONEY, RESPONDENTS.

Argued October 18, 1945—Decided January 24, 1946.

For the appellant, *J. Howard Conover.*

For the respondents, *Nat N. Kranzler* and *Bernard Mindes.*

The opinion of the court was delivered by

BODINE, J.   The appellant in this case is engaged in the real estate business and was licensed as a member of the Board of Realtors of the Oranges and Maplewood.

The complaint alleges that the defendants on March 17th, 1944, entered into a contract with Harry J. Stevens, Inc., which so far pertinent is as follows: "To Harry J. Stevens, Inc., agent, a member of the Board of Realtors of the Oranges and Maplewood, East Orange, New Jersey

*"In consideration of your immediately listing with active broker members of the Board of Realtors of the Oranges and Maplewood in good standing, and of your efforts to find a purchaser for same, the undersigned as owner hereby gives you exclusive agency to sell,* lease, or exchange *the property* as *described on the reverse side* hereof, *at the price on terms as therein stated; and the undersigned further agrees to pay you a commission* on this or any other price accepted, *at the rates established by the said Board of Realtors as herein set forth* if the property is sold, leased, or exchanged by you, by me the owner, or through any other source before this agreement expires, *or if a sale,* lease or exchange *of said property is made by you, by me the owner, or through any other source*

*within six months after the revocation of this agreement to any one with whom an active broker member of said Board of Realtors may have been negotiating.* The payment of the listing broker member, or to any other active broker member of said Board, who shall make the sale, lease or exchange, shall release the subscriber from all claims, of or liabilities to, any of the active broker members of said Board for the respective commission or commissions so paid on said sale, lease, or exchange of said property." (Italics mine.)

It is alleged that the appellant secured a purchase for the property listed with Harry J. Stevens, Inc., and that the defendants refused to sell and that, therefore, the action was brought for the commissions.

The learned trial judge properly directed a judgment of nonsuit.

It is to be noted that the contract is made with Harry J. Stevens, Inc., and by the express terms thereof that corporation was to have an exclusive agency. The contract calls for the payment of commissions to that company.

The clause last quoted above gave no other broker member the rights to commissions but was a mere release if commissions were paid to such a broker member.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 15.

*For reversal*—None.