PATROSSO, J.
 

 Plaintiff, a licensed real estate broker, instituted this action for the recovery of a commission in effecting a sale of defendant’s property, and recovered judgment for which defendant appeals. The determinative question is whether plaintiff is entitled to maintain the action. The facts upon which the answer to this question depends are undisputed and may be briefly stated.
 

 
 *938
 
 Defendant executed a written agreement with Petros Realty Company, a licensed real estate broker, by the terms of which he appointed said company as his “sole and exclusive agent and grant said agent the exclusive right to sell” the property in question for the price and upon the terms and conditions therein set forth, which authority was stated to be irrevocable and to continue for a period of 60 days; defendant agreeing to pay “said agent” a commission of 5 per cent “as and for the compensation of said agent hereunder in the event of a sale or an exchange of said real property by said agent
 
 or any other,
 
 including myself, while this contract is in force . . . ” (Emphasis added.) The agreement contained this additional provision: “It is understood that said agent is a member of the San Pedro Realty Board, and it is further agreed that said agent shall refer this listing to said Board to be by it referred to such of its members as it may deem advisable and that such Board or its members may act as sub-agents in procuring or attempting to procure a purchaser in accordance with this agreement, and in the event a sale or exchange shall be made through said sub-agent, all of the terms of this agreement shall apply to such transaction.” Pursuant to said agreement, Petros Realty Company referred the listing to the realty board, which in turn referred it to plaintiff. The trial court found that thereafter the defendant sold the property to a purchaser procured by plaintiff. While defendant challenges this finding as unsupported by the evidence, we find it unnecessary to consider the contention in view of our conclusion that plaintiff is in no event entitled to maintain the action, as a consequence of which a reversal is required.
 

 There can be no doubt but that under the terms of the listing agreement Petros Realty Company was authorized to refer the same to the realty board, and that the latter in turn was authorized to refer it to plaintiff who was one of its members, but the question presented is whether plaintiff, as a subagent, may maintain an action thereunder against the defendant or whether such action must be maintained by the agent named therein—Petros Realty Company.
 

 Neither the research of counsel nor our own has revealed any decision in the ctate where this precise question has been considered or discussed, and there is considerable confusion in the authorities elsewhere. Some authorities declare broadly that a subagent appointed by an agent pursuant to authority of the principal may claim his compensation from
 
 *939
 
 the latter.
 
 (Eastland
 
 v.
 
 Maney
 
 (1904), 36 Tex.Civ.App. 147 [81 S.W. 574, 575] ;
 
 Kinkead
 
 v.
 
 Hartley
 
 (1913), 161 Iowa 613 [143 N.W. 591, 595, Ann.Cas. 1915D 1]; 3 C.J.S. 100.) Other authorities, however, while recognizing that such a sub-agent may enforce payment of compensation from the principal, state that this is true only when the authority extends to the employment of a subagent on behalf of the principal and not when the authority is restricted to the employment of such subagent on behalf of the agent and not as agent of or on behalf of the principal. (See 2 C.J. p. 779, and cases cited in note 69.) The distinction is fundamental and failure to recognize it probably accounts for the conflict in the decisions upon the subject. As is well said by Tiffany: “It has been often declared that whenever authority to employ subagents is expressed or may be implied, privity of contract between principal and subagent is created by the employment, but such statements must usually be read in the light of the facts before the court, and cannot be supported as stating a rule unless ‘subagent’ is used with the restricted meaning of ‘substitute’ or of ‘agent for the principal.’ ” (Tiffany on Agency (2d ed.) pp. 213-214.) Similarly Professor Mechem says: “A distinction needs to be taken here. It is not infrequent to find it one of the functions of an agent to employ other agents for his principal. Thus the local manager of a plant or store normally hires and fires the personnel. This does
 
 not
 
 involve delegation; those so hired are not subagents but simply new or additional agents of the principal, differing from others only in the manner of their appointment. It is not to be supposed, e.g., that the appointing agent is bound by their contracts; they are not his agents.
 

 “By delegation is meant that the agent is permitted to use agents of his own in performing the function he is employed to perform for his principal, delegating to them the discretion which normally he would be expected to exercise personally. These agents are known as subagents to indicate that they are the agent’s agents and not the agents of the principal. Normally (though of course not necessarily) they are paid by the agent. The agent is liable to the principal for any injury done him by the misbehavior of the agent’s subagents.” (Mechem, Outlines of Agency (4th ed.) §79, p. 50.)
 

 We believe that the correct rule is as stated by Tiffany: “Even if the employment is authorized, the right of the sub-
 
 *940
 
 agent to look to the principal will depend upon whether the agent was authorized to employ the subagent upon the principal’s behalf and to create privity of contract between them, or was merely authorized to employ a subagent on his own behalf and responsibility. In the first case the subagent can look to the principal but in the latter he can look only to the agent.” (Tiffany Op. Cit., pp. 444-445.)
 

 A reading of the contract before us makes clear, we believe, that the provision therein contained authorizing the agent named to refer the listing to the realty board, which in turn is authorized to refer it to its members, must be construed as an authorization to Petros Realty Company to appoint members of the realty board to whom it is referred as its agents and not as agents of the defendant. At the outset it is to be noted that Petros is constituted defendant’s exclusive agent vested with the exclusive right to sell—the legal effect of which is to preclude the defendant from appointing any other agent during the period therein specified.
 
 (Wilck
 
 v.
 
 Herbert
 
 (1947), 78 Cal.App.2d 392, 412-413 [178 P.2d 25, 37].) From this it would seem to necessarily follow that any agents appointed by Petros, through the realty board, must be regarded as the subagents for Petros and not of defendant, for any other construction would be inconsistent with and in derogation of the exclusive right granted to Petros. Aside from this, however, the agreement expressly provides: “I (defendant) agree to pay said agent five (5) per cent of the selling price ... as and for the compensation of said
 
 agent
 
 hereunder in the event of a sale or an exchange of said real property by said agent
 
 or any other,
 
 including myself . . . ” Here we have clear and unmistakable language that, without regard to whether a sale is effected by the agent named or by another to whom the listing may be referred, the commission is payable to the agent. By this provision defendant unconditionally obligated himself to pay the commission, if earned, to the agent and no one else. In such circumstance, if defendant herein had paid the commission to the plaintiff, such payment would not operate to discharge his liability to the agent for the entire commission. (12 C.J.S. pp. 157, 233.) To permit plaintiff to recover herein, therefore, would be to leave defendant subject to like liability at the suit of the agent named in the agreement. (See anno. 3 A.L.R.2d, p. 532.)
 

 We find ourselves in accord with the decision in
 
 George A. Allsopp, Inc.
 
 v.
 
 Honey
 
 (1946), 134 N.J.L. 105
 
 *941
 
 [45 A.2d 489], wherein under a contract substantially identical in its terms with that before us, it is held that a member of the realty board other than the agent named therein to whom the listing had been referred and who effected a sale of the property was without right to maintain an action for the stipulated commission against the owner.
 

 The judgment is reversed. The appeal from the order of May 6, 1955, is dismissed.
 

 Swain, Acting P. J., and Kauffman, J., concurred.