405 So.2d 743 (1981)
William F. YODER, Appellant,
v.
SHELL OIL COMPANY, Appellee.
No. 81-92.
District Court of Appeal of Florida, Second District.
October 7, 1981.
Rehearing Denied November 12, 1981.
*744 Charles R. Holley, Naples, for appellant.
Kenneth A. Hoffman and Thomas R. Shahady of Cooper, Shahady, Frazier & Pugatch, Fort Lauderdale, for appellee.
RYDER, Judge.
This appeal deals with the tort of intentional interference with a contract. William Yoder, a Shell Oil dealer, claimed damages from Shell Oil Company for wrongful interference with a contract for the sale of his dealership to American Way Enterprises, Inc.
At trial, Yoder testified that he had decided to sell his Shell dealership and entered into a contract of sale with American Way whom Shell Oil had previously approved. Thereafter, according to Yoder, an employee of Shell Oil told American Way that it was paying too much for the purchase of the business. As a result, American Way did not go ahead with the contract.
Over Yoder's objection, the court gave a jury instruction on the privilege to interfere based upon the "Prosser"[1] test of privilege. The instruction read in part:
You should find that defendant's actions were privileged if you find that the defendant had a present existing economic interest of its own to protect, such as the ownership or condition of property, or a prior contract of its own, or financial interest in the affairs of the person persuaded or who caused the breach.
The jury returned a verdict for Shell Oil upon which the court entered judgment. Yoder appeals, and among other things, he challenges the validity of the instruction set out above.
The area of the law dealing with interferences with a contract has not settled into a set of definite rules. However, it is clear that the privilege to interfere in a contract because of a financial interest is not unlimited. Frank Coulson, Inc.-Buick v. General Motors Corp., 488 F.2d 202 (5th Cir.1974). The better view is that it is necessary for the interfering party to have a financial interest in the business of the third party which is in the nature of an investment in order to justify the interference.[2] Therefore, the jury instruction as given was incorrect since the financial interest used in the jury instruction was not limited to one in the nature of an investment. Furthermore, a privilege to interfere with a third party's conduct does not include the purposeful causing of a breach of contract.[3] The instruction also did not cover that limitation.
Because of our disposition of the jury instruction question, it is not necessary to discuss appellant's other points on appeal. We REVERSE the judgment and REMAND the case for a new trial.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] W. Prosser, Law of Tort, § 129 (4th Ed. 1971).
[2] Restatement 2d, Torts, § 767 (1979).
[3] Restatement 2d, Torts, § 777 (1979).