481 So.2d 515 (1985)
John D. YATES, Jr. and Mrs. John D. Yates, Jr., Appellants,
v.
BERNARD'S CARPET AND DRAPERIES, INC., a Florida Corporation, Appellee.
No. 85-60.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
Rehearing Denied February 6, 1986.
John L. Avery, Jr., Jupiter, for appellants.
J. Terence McManus of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee.
HERSEY, Chief Judge.
Mr. and Mrs. John D. Yates, Jr., hired an interior decorator to refurnish and refurbish a recently-purchased home. The decorator engaged Bernard's Carpet and Draperies, Inc., to furnish and install carpeting. The Yateses paid the decorator in full, who neglected to pay Bernard's. The ensuing litigation, not involving the decorator, resulted in a judgment requiring the Yateses to pay Bernard's and denying their counterclaim for damages caused by Bernard's allegedly nailing the carpet to a Cuban marble floor.
The question is whether the decorator was an agent of the Yateses in such a capacity as to bind them as principals to pay for labor and materials contracted for by the decorator. An alternative theory for recovery was unjust enrichment. Bernard's was hired by the decorator to perform certain services in connection with the performance of the decorator's contract with Mr. and Mrs. Yates. Bernard's was a subagent. It is established that: "The authorized employment of a subservant or other subagent does not thereby subject the principal to contractual liability to the subagent... ." Restatement (Second) of Agency § 458 (1958). See also Health Application Systems, Inc. v. Hartford Life & Accident Ins. Co., 381 So.2d 294 (Fla. 1st DCA 1980).
In those cases in which the principal has been held liable to a claim for compensation by the subagent, the facts usually demonstrate that the term "subagent" has been misapplied and that the second tier of agents are simply additional agents of the principal. To borrow an example: where the local manager of a store hires employees they do not become his agents nor is he liable for their compensation. They are not *516 subagents. See Goodwin v. Glick, 139 Cal. App.2d 936, 294 P.2d 192 (1956), and cases and authorities there cited on this issue. They become agents of the owner-principal.
Bernard's was hired to do the work of the decorator, not the work of the Yateses nor to work for the Yateses. Bernard's was a true subagent; therefore, the Yateses are not liable for compensation owing to it.
Nor are the Yateses liable in restitution or unjust enrichment. There is no implied contract here. While it may be unjust that Bernard's was not paid for labor and materials, that injustice was not visited upon Bernard's by the Yateses, who paid in full (and more) for the labor and materials furnished in connection with the decoration of their home, but by the decorator who hired Bernard's.
This is one of the results which various mechanic's lien laws were fashioned to avoid. However, such laws contain devices to alert and therefore to offer some measure of protection to the owner as well as to laborers and materialmen. The unavailability of a mechanic's lien on the present facts leads perforce to denial of the claim for labor and materials made against the non-defaulting owner.
We reverse and remand for entry of judgment for appellants on appellee's complaint. However, we affirm denial of the counterclaim.
REVERSED.
DELL, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting.
I would indulge the presumption of correctness and affirm the judgment here appealed upon the authority of C.Q. Farms, Inc. v. Cargrill, Inc., 363 So.2d 379 (Fla. 1st DCA 1978) and Freeport Ridge Estates, Ltd. v. Reckner, 266 So.2d 129 (Fla. 3d DCA 1972). Moreover, there was, in my opinion, sufficient evidence to support the judgment based upon the theory of implied contract or quantum meruit.