563 So.2d 150 (1990)
DEANNA CONSTRUCTION CO., INC., Appellant,
v.
SARASOTA ENTERTAINMENT CORPORATION, a Florida Corporation, and RRE Enterprises, Inc., D/B/a SMP Limited and Sarakerk, Inc., D/B/a SMP Limited, a Florida Limited Partnership, and Sarasota Main Plaza, Inc., As General Partner of SMP Limited, Appellees.
No. 89-02324.
District Court of Appeal of Florida, Second District.
June 1, 1990.
W. Richard Thoreen, Bradenton, for appellant.
Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, Sarasota, for appellees Sarasota Main Plaza, Inc., RRE Enterprises, Inc., and Sarakerk, Inc.
DANAHY, Judge.
The appellant (the contractor) challenges an order dismissing Counts II and III of the contractor's first amended complaint without leave to amend, for failure to state a cause of action. We affirm the dismissal of Count II but reverse the dismissal of *151 Count III and remand for further proceedings with respect to Count III.
In assessing the propriety of an order dismissing counts of a complaint for failure to state a cause of action, we look solely to the allegations contained in the complaint and apply the rule that those allegations are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983). The general allegations here are that the contractor entered into a contract with Sarasota Entertainment Corp. (the tenant) to construct improvements to a certain unit at the Sarasota Main Plaza Shopping Center, owned by SMP Limited (the landlord).
The complaint alleges that the contractor hired various subcontractors and proceeded with the work on the project and was approximately sixty percent complete when ordered off the job by the landlord, through no fault of the contractor, on or about August 28, 1987. At that time, the contractor was entitled to the sum of $94,834.88 for work and materials on the project.
The contractor sued the tenant in Count I and the landlord in Counts II and III. The contractor alleges that the landlord has retaken possession of the premises and the tenant has little or no assets so that there is little likelihood that the tenant would be able to pay any judgment obtained against it. As a matter of fact, the tenant failed to defend in this action and a default was entered against it.
The contractor in Count II set forth a theory of recovery based upon its status as a third party beneficiary of the lease agreement between the tenant and the landlord. Count II recites that a first addendum to the lease agreement between those parties required the tenant to make various capital improvements to the premises and further provided that the landlord would supply certain funding to underwrite the cost of the improvements. The contractor states that, as the general contractor hired by the tenant to make the capital improvements to the premises, the contractor was the intended third party beneficiary of the landlord's obligation to fund those improvements.
We do not believe that Count II contains allegations sufficient to establish the contractor's status as a third party beneficiary of the lease agreement and addendum. To establish the status of a third party beneficiary, a party must demonstrate that the agreement to be enforced shows a clear intent and purpose on the part of the contracting parties that one of them should become the debtor of a third. One who benefits only indirectly from the provisions of a contract made by others for their own benefit, and not for the benefit of such third party, cannot maintain an action upon the contract. McCann Plumbing Co. v. Plumbing Industry Program, Inc., 105 So.2d 26 (Fla. 3d DCA 1958). More recently, it has been stated that a party claiming third party beneficiary status must be shown to be a direct and intended beneficiary of the agreement, not merely an incidental beneficiary; that in order to find the requisite intent to entitle a party to sue as a third party beneficiary, it must be shown that both contracting parties agreed to benefit the asserted third party. Health Application Systems, Inc. v. Hartford Life & Accident Insurance Co., 381 So.2d 294 (Fla. 1st DCA 1980). Since the allegations of the contractor's Count II, when read in conjunction with the provisions of the lease agreement and its addendum, fail to meet the requirements for establishing third party beneficiary status, we affirm the order of the trial judge dismissing Count II without leave to amend.
Count III sets forth a theory of recovery against the landlord based on unjust enrichment. It alleges that the landlord was not only aware of the capital improvements being made to the premises by the contractor, but contemplated before-hand that such improvements would be initiated by the tenant. Count III makes the general allegation that the landlord would be unjustly enriched if allowed to regain the premises with the substantial improvements thereto without being required to pay for those improvements, and that the contractor has no adequate remedy at law against the tenant because of the unlikelihood *152 that it could recover a judgment against the tenant.
In a very similar case, we found that a contractor's allegations established a basis for recovery based on unjust enrichment and reversed a trial court's summary judgment in favor of the landlord. Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710 (Fla. 2d DCA 1988). There we recited the rule that while recovery does not rest upon the assent of the contracting parties, the party for whose benefit the services were rendered must have requested the services or have knowingly or voluntarily accepted their benefits. We pointed out that the landlord in that case received a benefit from the contractor's work and that with the landlord's approval, the contractor made substantial improvements.
While Count III of the contractor's complaint does not specifically allege that the landlord received a benefit from the contractor's work and knowingly and voluntarily accepted that benefit, the allegations are sufficient to carry that implication and certainly Count III can be amended to add those specific allegations. Accordingly, we reverse the dismissal of Count III and remand for further proceedings. Needless to say, the contractor's success with respect to Count III will depend on the proofs submitted at trial.
The contractor also complains that the trial court should not have entered a later order dismissing RRE Enterprises and Sarakerk, Inc., from the action on the ground that the dismissal of Counts II and III applied to them as well as to Sarasota Main Plaza, Inc., as general partner of SMP Limited. Although the status of RRE Enterprises and Sarakerk, Inc., is not clear from the record, we reverse the order dismissing them so that the contractor may pursue Count III as against them if appropriate.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and PARKER, J., concur.