636 So.2d 576 (1994)
HILLMAN CONSTRUCTION CORPORATION, Appellant,
v.
Dr. William W. WAINER; Sun Bank, South Florida, N.A., as Co-Trustees of the William W. Wainer Living Revocable Trust, Manny Corti, and Robert Kephart, Appellees.
No. 93-0565.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
*577 Peter Brandt, Ira L. Libanoff and Kathleen E. Bente of Leiby Ferencik Libanoff and Brandt, P.A., Miami, for appellant.
John W. Bowen of Melvin, Bowen and Melvin, P.A., Fort Lauderdale, for appellee William W. Wainer.
FARMER, Judge.
We reverse a dismissal for failure to state a cause of action. Our reading of the second amended complaint leads us to conclude that count II alleging a claim for unjust enrichment stated a cause of action.[1]
A general contractor hired by a tenant of commercial premises to construct code compliance and other improvements has sued the owner of the rental property, after the tenant failed to make payment and filed bankruptcy. The owner has since regained possession of the rented premises with, as the general contractor has alleged, several improvements which have enhanced the value of the premises and allowed the owner to relet them at an increased rent. The contractor sought to allege a count for unjust enrichment, but the trial court ruled that the count did not state a cause of action, citing Yates v. Bernard's Carpet & Draperies Inc., 481 So.2d 515 (Fla. 4th DCA 1985), and Coffee Pot Plaza Partnership v. Arrow Air Conditioning & Refrigeration Inc., 412 So.2d 883 (Fla. 2d DCA 1982).
The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Henry M. Butler Inc. v. Trizec Properties Inc., 524 So.2d 710 (Fla. 2d DCA 1988). Here, the contractor's complaint alleged these elements.
Our decision in Yates v. Bernard's Carpet & Draperies is simply inapposite to the pleading issue. In that case we reversed a judgment in favor of a supplier of carpeting and against the homeowner. We based our reversal on facts established by the evidence  namely, that the supplier had been engaged solely by an interior decorator and that the homeowner had fully paid the decorator for the carpeting. 481 So.2d at 516. Similarly in Coffee Pot, the second district reversed a final judgment because the facts proved showed that the owner had not knowingly and voluntarily accepted the benefits conferred. 412 So.2d at 884. This case is more like Deanna Const. Co. Inc. v. Sarasota Entertainment Corp., 563 So.2d 150 (Fla. 2d DCA 1990), where the second district reversed an order dismissing a claim for unjust *578 enrichment on pleading grounds. The court concluded that the pleading had fully alleged all of the elements of unjust enrichment. 563 So.2d at 152.
We must always be aware of exactly what we are about. Here we assess not the ultimate merits of the contractor's claim but merely whether he can plead it. The test for pleading is whether the contractor could theoretically offer evidence that would support the cause of action. Orlovsky v. Solid Surf Inc., 405 So.2d 1363 (Fla. 4th DCA 1981). Complaints should not be dismissed for failure to state a cause of action unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim. Martin v. Highway Equipment Supply Co., 172 So.2d 246 (Fla. 2d DCA 1965). In the present case, speaking purely from a pleading standpoint and without considering what defenses might be pleaded in response to this claim or what the ultimate merits are, we think it sufficiently stated a cause of action for unjust enrichment so as to make a dismissal on pleading grounds error.
REVERSED.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] We do agree that the equitable lien count did not state a cause of action, and was not amendable to do so. Merritt v. Unkefer, 223 So.2d 723 (Fla. 1969).