665 So.2d 366 (1996)
TGI DEVELOPMENT, INC., aPPELLANT,
v.
CV REIT, INC., a Delaware Corporation f/k/a Cenvill Investors, Inc., H. Irwin Levy; and Boca Grove, Ltd., through its General Partner, La Bonte Diversified Development, Inc., Appellees.
No. 94-2749.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Joel D. Eaton of Podhurst, Orseck Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant.
John Beranek of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, and J. Michael Burman of Burman & Critton, North Palm Beach, for appellees.
FARMER, Judge.
TGI Development, Inc., appeals from a final summary judgment in which the trial court found that its common law fraud claim was barred by the economic loss rule. We reverse.
Fraud in the inducement, even when only economic losses are sought to be recovered, is the kind of independent tort that is not barred by the economic loss rule. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 661 So.2d 1221 (Fla. 3d DCA Sept. 22, 1995); but see Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995) (common law fraud in the inducement claim seeking only economic losses is barred by economic loss rule.)[1] However inartfully pleaded, we find that TGI's complaint sufficiently alleged a claim for common law fraud in the inducement.[2] *367 Therefore, it was error to grant summary judgment in favor of the appellees.
REVERSED and REMANDED.
STONE, J., and STREITFELD, JEFFREY E., Associate Judge, concur.
NOTES
[1] We agree with the dissenting opinions of Judges Altenbernd and Lazzara in Woodson, and thus certify conflict with the majority's decision in that case.
[2] Even though we find the claim sufficiently pleaded, on remand we direct the trial court to allow TGI, if it be so advised, to replead its fraudulent inducement claim in an amended pleading.