673 So.2d 491 (1996)
MONCO ENTERPRISES, INC.; Sheila N. Blackwell and Sheila Blackwell as Personal Representative of the Estate of Ferrell Blackwell, Appellants/Cross-Appellees,
v.
ZIEBART CORPORATION, William Beaver, Nancy McMath and Greg Long, Appellees/Cross-Appellants.
No. 94-3723.
District Court of Appeal of Florida, First District.
March 25, 1996.
Rehearing Denied June 4, 1996.
James M. Wilson of Wilson, Harrell, & Smith, P.A., Pensacola, and Henry W. Tipton of Lozier, Tipton, Tipton & Thames, Pensacola, for Appellants/Cross-Appellees.
W.H.F. Wiltshire of Harrell, Wiltshire, P.A., Pensacola, for Appellees/Cross-Appellants.
PER CURIAM.
In this appeal, Monco Enterprises and the Blackwells, appellants, argue that the trial court erred by dismissing with prejudice four counts in their Fourth Amended Complaint. On cross-appeal appellees (Ziebart) assert that the court erred in denying a motion to dismiss the original complaint in the action below. Having considered the arguments in the briefs and heard oral argument in the cause, we reverse the dismissal of the complaint and remand for the reasons explained below. We find no merit, however, to the issue raised on cross-appeal and affirm on that issue without further discussion.
Ziebart is the franchisor of businesses that specialize in undercoating vehicles. On December 23, 1987, appellants closed on the purchase of two Ziebart franchises, which were not directly owned-and-operated by Ziebart. Subsequently, appellants filed suit against Ziebart, several of Ziebart's employees, *492 and the brokers who advised appellants on the purchase. The brokers are not parties to the instant appeal but remain parties in the case below. The Fourth Amended Complaint, which is the subject of this appeal, contains five counts, four of which allege torts against Ziebart. Based on appellants' allegations that Ziebart made misrepresentations that induced appellants to close on the purchase of the franchises, counts one through three allege fraud and misrepresentation, negligent misrepresentation, and conspiracy. Count five claims Ziebart intentionally interfered with appellants' business relationships during appellants' attempts to sell the franchises. The complaint alleges that appellants had negotiated toward a sale with a prospective purchaser for one store when Ziebart contacted this person and told him Ziebart would not approve him as a franchisee. This potential buyer subsequently bought a Ziebart-owned-and-operated franchise directly from Ziebart. The complaint further alleges that Ziebart contacted another person with whom appellants were negotiating sale of both businesses and sought to persuade this potential buyer to purchase a different Ziebart franchise instead. Upon Ziebart's motion and after hearing, the trial court dismissed with prejudice all counts as to Ziebart in the Fourth Amended Complaint.
Ziebart argues that appellants' tort claims in counts one through three of the complaint will not lie as a matter of law under Florida's economic loss rule, which is that, absent a tort independent of breach of contract, remedy for economic loss lies in contract law. See Casa Clara Condominium Assoc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244, 1246 (Fla.1993); AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla.1987). In this instance, however, appellants have pled fraud in the inducement. This court has previously stated that actions for fraudulent inducement and breach of contract are not mutually exclusive. Sprayberry v. Sheffield Auto & Truck Service, Inc., 422 So.2d 1073, 1075 (Fla. 1st DCA 1982) (citing Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972)). In the instant case, appellants have pled the independent tort of fraud in the inducement, and the economic loss rule does not bar the action. See Johnson v. Davis, 480 So.2d 625 (Fla.1985); see also TGI Development, Inc. v. CV Reit, Inc., 665 So.2d 366 (Fla. 4th DCA 1996) (holding that fraud in the inducement claim for economic losses is independent tort not barred by economic loss rule); HTP, Ltd. v. Lineas Aereas Costarricenses, 661 So.2d 1221, 1222 (Fla. 3d DCA 1995); Burton v. Linotype Co., 556 So.2d 1126 (Fla. 3d DCA 1990). To the extent this opinion conflicts with the Second District Court of Appeal's decision in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995), we certify that conflict to the supreme court. See TGI Development, Inc., 665 So.2d at 366 (certifying conflict on this issue).
We also reverse the trial court's dismissal of count five of the complaint, which alleges tortious interference with a potential business relationship against Ziebart. Tort liability for interference with prospective contractual relationships is generally recognized. Frank Coulson, Inc.Buick v. General Motors Corp., 488 F.2d 202 (5th Cir.1974). The factual similarity between the instant case and Frank Coulson is instructive. Coulson, the owner of a Buick dealership in Florida, alleged that General Motors, the franchisor, had tortiously interfered with contractual negotiations between Coulson and a potential purchaser of the dealership. The Fifth Circuit stated that when a plaintiff proves a prima facie case of interference, the defendant has the burden of avoiding liability by showing that his conduct is privileged or justified. See Yoder v. Shell Oil Co., 405 So.2d 743, 744 (Fla. 2d DCA 1981), review denied, 412 So.2d 470 (Fla.1982) (citing Frank Coulson and stating that the privilege to interfere in a contract because of a financial interest is not unlimited). Accordingly, it is clear in the instant case that appellants have stated a cause of action for tortious interference with a potential business relationship and that any assertion of privilege by Ziebart should be pleaded and proven. The question of whether an action is privileged is a jury question.
Accordingly, the trial court's dismissal with prejudice of the counts alleging torts against Ziebart is reversed. The cause is remanded *493 for further proceedings consistent with this opinion.
BOOTH, MINER and WEBSTER, JJ., concur.