683 So.2d 163 (1996)
Robert Joseph BLUM, II, and Roberta Ann Blum, Appellants,
v.
DAWKINS, INC., etc., Appellee.
No. 96-623.
District Court of Appeal of Florida, Fifth District.
November 1, 1996.
Rehearing Denied November 26, 1996.
*164 Christopher A. White, of Patterson & Green, P.A., Jacksonville, for Appellants.
Robert Aguilar, of Head, Metcalf, Aguilar, Moss, Sieron, Perritt & Myers, P.A., Orange Park, for Appellee.
HARRIS, Judge.
The issue in this case is whether a supplier to a construction project who fails to prevail in a mechanic's lien action because the owner has made no improper payments and has paid the entire contract price for the improvement, can prevail in a subsequent unjust enrichment action against the owner. We hold that under the facts of this case, no unjust enrichment action can exist and we reverse the court below.
Dawkins, Inc. (Dawkins) supplied a "framing package" under a contract that it had with Continental Construction Company (Continental) who was building a home for Robert and Roberta Blum (Blums) for the construction price of $190,000. Dawkins properly filed its notice to owner. After the Blums had made a substantial deposit to Continental and after Continental had received the first draw under the construction loan agreement, Continental left the project without paying Dawkins (or apparently anyone else).
The Blums properly "recommenced" construction and proceeded to complete the home with themselves acting as general contractor and subcontracting out the work. There were insufficient funds remaining under the contract to pay the lienors who provided material before the recommencement so Dawkins filed suit on its claim of lien. It included a claim for unjust enrichment which was severed from the initial action, and the ruling on which is the basis of this appeal.
In the action on the lien, the trial court ruled that the Blums had made no improper payments and that they had paid more than the contract price to complete the home as originally designed. Since there were no surplus funds, Dawkins was not entitled to recover. There was no appeal of this judgment.
In the subsequent trial of the severed claim for unjust enrichment, it was Dawkins' position that since Continental left the project before it received the "framing" draw, neither Continental nor Dawkins had been paid for the framing package and therefore the Blums had been unjustly enriched for that amount. The trial court agreed and entered judgment for Dawkins.
But the question is not whether the Blums paid for the framing package. The Blums did not purchase a framing package. The Blums purchased a home that included a framing package and the Blums paid the entire purchase price for that home. Even though Dawkins has not been paid for its material, the Blums have not been unjustly enriched. See Yates v. Bernard's Carpet and Draperies, Inc., 481 So.2d 515.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.