682 So.2d 678 (1996)
Richard D. WASSALL, Appellant,
v.
W.H. PAYNE and Dean Highfield, Appellees.
No. 95-3874.
District Court of Appeal of Florida, First District.
November 7, 1996.
*679 Robert M. Ervin, Jr. and J. Stanley Chapman of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for Appellant.
Mark D. Dreyer of Harrison, Sale, McCloy & Thompson Chartered, Panama City, for Appellees.
VAN NORTWICK, Judge.
Richard D. Wassall appeals two orders, one granting appellee Dean Highfield a judgment on the pleadings on Wassall's count against him for fraudulent misrepresentation, negligent misrepresentation and negligence per se; and the other dismissing with prejudice Wassall's cause of action against appellee W.H. Payne for fraudulent misrepresentation. Wassall had leased real property which Payne sold to Dorothy Frazier, for which sales transaction Highfield allegedly acted as the broker. In the appealed orders, the trial court concluded that Wassall could not state a cause of action against appellees, because Wassall, as lessee from Frazier, had no privity of contract with either Highfield or Payne, and because neither Highfield nor Payne had a duty to disclose to Wassall the latent defects of the property which caused it to flood on occasion. Wassall contends, and we agree, that the lack of privity of contract does not preclude his action for fraudulent or negligent misrepresentation, and, thus, the orders appealed must be reversed.

I.
On April 24, 1989, Frazier purchased real property and improvements from Payne, with Highfield allegedly acting as the real estate broker for this transaction. One day later, Wassall leased the premises from Frazier. Pursuant to the lease, Wassall was responsible for making the payments to Payne for purchase of the property.
As Wassall alleges, he was an active participant in the negotiations which preceded the sale and, initially, it was he, not Frazier, who was planning to purchase the property. He also alleges that, prior to this sale and lease, he inquired whether the property was subject to flooding and that both Payne and Highfield misrepresented the property's propensity for flooding to him. He alleges further that Payne made this misrepresentation knowingly and with the intent that Frazier and Wassall rely upon the misrepresentation and consummate the sale and lease; and that he detrimentally relied upon this misrepresentation and expended money on improvements to the property before realizing that the property was subject to periodic flooding. Wassall's allegations are the same regarding Highfield, except that he alleges Highfield made the misrepresentation either knowingly or without knowledge of its truth or falsity.
*680 Both Frazier and Wassall filed a complaint against Payne, Highfield, and Bay County. In the order on appeal, the trial court granted a judgment on the pleadings as to Wassall's claims against Payne and Highfield. Frazier's claims are still pending in the trial court, as are Wassall's claims against Bay County for negligence, inverse condemnation and trespass.

II.
At the outset, we point out that this suit involves alleged misrepresentations by both appellees which preceded the creation of the contracts for sale and lease of the subject real property. The complaint alleges that the misrepresentations induced Frazier to buy and Wassall to lease this property. As the supreme court explained in A.R. Moyer, Inc. v. Graham, 285 So.2d 397, 399 (Fla. 1973):
Privity is a theoretical device of the common law that recognizes limitation of liability commensurate with compensation for contractual acceptance of risk. The sharpness of its contours blurs when brought into contact with modern concepts of tort liability.
In this instance, the distinction between tort and contract is important. It cannot be said that Wassall contractually accepted the risk that defendants would lie to him (as it is alleged) so that he would enter into the lease in the first instance. Thus, the theoretical underpinnings for contractual limitation of the defendants' liability are not present in this case.
We conclude that the instant case is governed by the principles enunciated by the Second District in Wallis v. South Florida Savings Bank, 574 So.2d 1108 (Fla. 2d DCA 1990). In Wallis, the court determined that the Wallises had stated a cause of action against South Florida Savings Bank for intentional misrepresentation in connection with obtaining the Wallises' personal guarantee of a loan by Park Bank to a developer. The Wallises alleged that they gave their guarantee based upon South Florida's representation that it would loan the developer $27,000,000. South Florida failed to honor its commitment letter and the development went into foreclosure. As explained by Judge Altenbernd in his concurring opinion:
The primary theory which the Wallises allege against South Florida is a more traditional theory of fraud. They allege that South Florida made a material misrepresentation of fact concerning its ability to lend $27,000,000. South Florida allegedly knew this statement was untrue and knew that the Wallises were relying upon its accuracy when they agreed to guarantee the subordinated loan. They allege that South Florida intended to induce persons in their capacity to rely upon the incorrect information in the commitment letter. Finally, they allege that they were damaged by their justifiable reliance on the misrepresentation. If true, these allegations are enough to establish fraudso long as the relationship between South Florida and the Wallises is sufficiently close to create a duty owing under a theory of fraud.
Frequently, the relationship which creates a duty owing in fraud is also a relationship involving contractual privity. See, e.g., Johnson [v. Davis, 480 So.2d 625 (Fla. 1985)]. In this case, no contractual privity exists. It is not clear that the Wallises are third-party beneficiaries of any contract executed by South Florida. See Deanna Constr. Co. v. Sarasota Entertainment Corp., 563 So.2d 150 (Fla. 2d DCA 1990). There are occasions, however, when third persons with close connections to a business transaction may allege a cause of action in fraud or negligence against a party involved in the transaction. See 37 Am.Jur.2d Fraud and Deceit § 297 (1968). See generally First Fla. Bank v. Max Mitchell & Co., 558 So.2d 9 (Fla.1990); Restatement (Second) of Torts § 552 (1976). The buy-out of this partnership was in the broadest sense a single business transaction. If the allegations of the complaint are true, South Florida certainly had reason to expect that another bank or a guarantor would rely upon its commitment to loan $27,000,000. The inaccuracy of that representation could greatly increase the risks of a subordinated bank or guarantor. If South Florida had actual knowledge *681 that Mr. Propps [the developer] was using the commitment letter to induce the Wallises or other people to undertake financial risks in this development, it does not appear ill-conceived to make the bank liable for some measure of resulting damage. By this court's decision, we are merely giving the Wallises an opportunity to prove a set of facts which establishes such a relationship and which also establishes the remaining elements of the alleged fraud.
Id. at 1110-1111.
We distinguish the instant case from this court's opinion in Haskell Co. v. Lane Co., Ltd., 612 So.2d 669 (Fla. 1st DCA), rev. dismissed sub nom., Service Merchandise Co., Inc. v. Lane Co., Ltd., 620 So.2d 762 (Fla.1993). In Haskell, this court held that the requirement of privity precludes a lessee from bringing a suit for nondisclosure of material latent defects in connection with the sale of real estate. The instant action, however, is not a suit involving mere nondisclosure, but instead seeks a recovery for the separate and distinct tort of material misrepresentation.

III.
Although not a basis for the trial court's rulings in this case, appellees suggest that this court should affirm the trial court on the grounds that the economic loss rule precludes the instant action. This rule has been summarized by this court to mean that "absent a tort independent of breach of contract, remedy for economic loss lies in contract law." Monco Enterprises, Inc. v. Ziebart Corp., 673 So.2d 491, 492 (Fla. 1st DCA 1996). Until recently, the district courts of appeal were split regarding the economic loss rule's application to the tort of fraud in the inducement. Compare, Monco Enterprises, supra; TGI Development, Inc. v. CV Reit, Inc., 665 So.2d 366 (Fla. 4th DCA 1996); and Williams v. Peak Resorts International, Inc., 676 So.2d 513, 517-518 (Fla. 5th DCA 1996) with Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995), quashed, 21 Fla. L. Weekly S446, ___ So.2d ___ [1996 WL 600478] (Fla. October 17, 1996); and Florida Bldg. Inspection Services, Inc. v. Arnold Corp., 660 So.2d 730 (Fla. 3d DCA 1995). The Supreme Court resolved this conflict, however, in HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 21 Fla. L. Weekly S447, ___, So.2d ___ [1996 WL 600501] (Fla. October 17, 1996), in which the court held that the "cause of action for fraud in the inducement is an independent tort and is not barred by the economic loss rule." Id. at S448, at ___. Thus where, as here, fraudulent misrepresentation and negligent misrepresentation in the formation of a contract are alleged, the economic loss rule does not bar the tort action based on such misrepresentations. Id.
We do not address whether the elements of fraudulent misrepresentation and negligent misrepresentation have been sufficiently pled to state a cause of action under those theories. Because the trial court has not had an opportunity to rule on sufficiency of the allegations of fraudulent misrepresentation or negligent misrepresentation, it would be premature for this court to decide that issue. Wolfe v. American Sav. and Loan Assoc. of Florida, 539 So.2d 606 (Fla. 3d DCA 1989).

IV.
Finally, turning to the dismissal of the claim for negligence per se, the trial court's order indicates that it erroneously considered the sufficiency of this cause of action based solely upon the privity requirement. We thus reverse the trial court's decision that Wassall does not have a cause of action against Highfield for negligence per se. In so doing, we decline to consider whether there are other factual and legal arguments which, if they had been considered by the trial court, might have justified dismissal of the claim for negligence per se. See e.g., Greenberg v. Mahoney Adams & Criser, P.A., 614 So.2d 604, 605 (Fla. 1st DCA 1993).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and BENTON, JJ., concur.