728 So.2d 352 (1999)
Lindi Diana WADLINGTON, Appellant,
v.
CONTINENTAL MEDICAL SERVICES, INC., Central Lab, Inc., and Armando Vicente, Jr., Appellees.
No. 98-0778.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
Walter J. Postula of Walter J. Postula, P.A., West Palm Beach, for appellant.
No brief filed for appellees.
STEVENSON, J.
Lindi Diana Wadlington appeals an order of the trial court dismissing with prejudice her claims for fraud in the inducement and negligent misrepresentation upon a finding that such claims are barred by the economic loss rule. We reverse.
The economic loss rule "is a judge-made limitation on common law tort remedies," Facchina v. Mutual Benefits Corp., No. 97-2580, ___ So.2d ___, ___, 1999 WL 19185, at *2 (Fla. 4th DCA Jan.20, 1999), providing that "`absent a tort independent of breach of contract, remedy for economic loss lies in contract law,'" Wassail v. Payne, 682 So.2d 678, 681 (Fla. 1st DCA 1996)(quoting Monco Enters., Inc. v. Ziebart Corp., 673 So.2d 491, 492 (Fla. 1st DCA 1996)). Fraud in the inducement and negligent misrepresentation independent of the breach of contract are not barred by the economic loss rule. See HTP, Ltd. v. Lineas Aereas Costarricenses, *353 S.A., 685 So.2d 1238, 1239 (Fla. 1996); Wassall, 682 So.2d at 681; TGI Dev., Inc. v. CV Reit, Inc., 665 So.2d 366 (Fla. 4th DCA), approved, 689 So.2d 255 (Fla.1996). We find that Counts V and VI of Wadlington's third amended complaint are founded upon torts independent of the breach and, accordingly, reverse the order of dismissal.
In so doing, we are cognizant of the Third District's decision in Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74, 77-78 (Fla. 3d DCA), review denied, 700 So.2d 685 (Fla.1997), wherein the panel refused "to adopt the defendants' position that one can always avoid operation of the economic loss doctrine by merely pleading fraud in the inducement" and held that "[m]isrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement." In fact, we join the Third District in this holding. The case before us, however, does not involve circumstances where the misrepresentations "relat[e] to the breaching party's performance of a contract" or where "the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement." 694 So.2d at 78.
REVERSED and REMANDED.
DELL and HAZOURI, JJ., concur.