WILSON, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s decision to assume that the burden is on Austral to justify its interference with the ISS-Shannon relationship. I also concur with their decision to assume that ISS had a “business relationship” with Shannon; indeed, I would find that there was an existing busi *1161 ness relationship under Ethan Allen, which indicated that a claim for tortious interference could be maintained for ascertainable relationships. See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 815 (Fla.1994); Insurance Field Servs., Inc. v. White & White Inspection and Audit Serv., Inc., 384 So.2d 303, 306 (Fla.Dist.Ct.App.1980) (holding plaintiff could establish business relationship even though plaintiff had no written contracts). I would find however, that whether an action is privileged is a jury question under Florida law, and that in this case, the jury had sufficient evidence to find that Austral’s actions were not justified.
In Florida, when a plaintiff pleads and proves a prima facie case for tortious interference, the burden is on the defendant to avoid liability by showing his action is privileged or justified. See Monco Enterprises, Inc. v. Ziebart Corp., 673 So.2d 491, 492 (Fla.Dist.Ct.App.1996). “The question of whether an action is privileged is a jury question.” Id.
Florida law generally recognizes the right of a business entity to compete for customers. See Royal Typewriter Co. v. Xerographic Supplies Corp., 719 F.2d 1092, 1105 (11th Cir.1983); Wackenhut Corp. v. Maimone, 389 So.2d 656, 658 (Fla.Dist.Ct.App.1980). However, whether the competitive conduct is justified is determined by the “rules of the game.” Insurance Field Servs., Inc. v. White & White Inspection and Audit Serv., Inc., 384 So.2d 303, 306-07 (Fla.Dist.Ct.App.1980) (“Not only must defendants’ motive and purpose be proper but so also must be the means.”). It can be difficult to determine what is proper or improper in business competition; thus, it is the province of the jury to make such determinations. See Manufacturing Research Corp. v. Greenlee Tool Co., 693 F.2d 1037, 1040 (11th Cir.1982) (“when there is room for different views, the determination of whether the interference was improper or not is ordinarily left to the jury, to obtain its common feel for the state of community mores and for the manner in which they would operate upon the facts in question.”) (quoting Restatement (Second) of Torts § 767 cmt. 1 (1977)).
There was sufficient evidence for the jury to find that Austral’s actions were not justified by a competition privilege. The jury heard testimony that Austral’s national sales manager, Chris Pavlick, told ISS’s sole shareholder and employee, German Bravo, that in order to place future orders with Austral, ISS would have to provide the names of its customers. When Bravo refused to name his customers and expressed his concern that Austral might “go around” him, Pavlick assured him that such conduct would be “abominable” and that Austral would never do it. Austral then contacted Shannon directly and stopped selling wire to ISS. ISS was then unable to fill orders, and eventually went bankrupt.
In overturning the jury’s verdict for the plaintiff, the district court and the majority substitute their own views that Austral’s actions were justified by a competition privilege for the jury’s determination that Austral’s actions were not justified. The district court improperly overturned a jury verdict on a question Florida law reserves for the jury. Viewing the facts in the light most favorable to the appellant, there is sufficient evidence for the jury to have found as it did. We should hesitate to allow district courts to throw out jury verdicts when those verdicts are based on determinations left to a jury under state law and are supported by sufficient record evidence. I respectfully dissent.