DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RHYTHM & HUES, LLC,**
Appellant,

v.

**NATURE'S LAWN CARE, INC.** d/b/a **NATURE'S LANDSCAPING,**
Appellee.

No. 4D22-2859

[August 2, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Debra Moses Stephens, Judge; L.T. Case No. 502018CC011701XXXXNB.

Michael R. Brennan of Evans Law, Boca Raton, for appellant.

John Farina of Boyes, Farina & Matwiczyk, P.A., Palm Beach Gardens, for appellee.

GROSS, J.

After a nonjury trial, the county court found that a contract implied in fact arose between appellant Rhythm and Hues, LLC, and appellee Nature's Lawn Care, Inc., and awarded damages of $7,119 plus interest.

On appeal, Rhythm primarily raises two points.

First, Rhythm argues that the existence of an express contract between Rhythm and a general contractor ("GC"), together with an express subcontract between the GC and Nature's Lawn, precludes the imposition of an implied contract.

Second, Rhythm contends Nature's Lawn failed to prove either element required for a subcontractor to maintain an implied contract action against an owner, namely, that (1) the subcontractor had exhausted all remedies against the general contractor and still remained unpaid and (2) the owner had not given consideration to any person for the improvements furnished by the subcontractor.

We reject both arguments for the reasons set forth below.

On appeal, we view the evidence at trial in the light most favorable to Nature's Lawn, the prevailing party. *D'Amico v. Brightfelt*, 924 So. 2d 872, 872 (Fla. 4th DCA 2006).

### ***The Express Contracts in This Case Do Not Bar Nature Lawn's Implied in Fact Contract Action***

On the first issue, while an implied contract is generally barred where an express contract exists concerning the same subject matter, Florida courts have "long recognized that an implied contract may arise out of an express contract where a contractor or subcontractor performs 'extras' not covered by the original contract." *F.H. Paschen, S.N. Nielsen & Assocs. v. B&B Site Dev., Inc.*, 311 So. 3d 39, 49 (Fla. 4th DCA 2021); *see also S. Bell Tel. & Tel. Co. v. Acme Elec. Contractors, Inc.*, 418 So. 2d 1187, 1188-89 (Fla. 4th DCA 1982) (holding that an express contract between the owner and a general contractor did not bar the subcontractor's implied contract claim against the owner for "extras").

The existence of the express contracts in this case thus did not bar a contract implied in fact as a matter of law.

The evidence at trial supports the trial court's conclusion that a contract implied in fact arose. Although the evidence was disputed, two witnesses testified that Rhythm agreed to work directly with Nature's Lawn concerning additional landscaping and that Rhythm would pay Nature's Lawn directly for the additional materials and labor.

The cases cited by Rhythm—which stand for the proposition that an owner cannot be liable to a subcontractor where the owner has paid the general contractor in full—are distinguishable because those cases did not involve evidence of direct dealings between the owner and the subcontractor that support a factfinder's determination that the owner and subcontractor had formed an implied-in-fact contract for "extras" outside the scope of the main contract. *See Gene B. Glick Co., Inc. v. Sunshine Ready Concrete Co.*, 651 So. 2d 190, 190 (Fla. 4th DCA 1995); *Yates v. Bernard's Carpet & Draperies, Inc.*, 481 So. 2d 515, 516 (Fla. 4th DCA 1985); *Blum v. Dawkins, Inc.*, 683 So. 2d 163, 164 (Fla. 5th DCA 1996).

### *"Exhaustion of Remedies" and "Owner Must Not Have Paid" are Not Required Elements of a Contract Implied in Fact*

As to the second issue, Rhythm's argument confuses a contract implied in fact, which the trial court found in this case, with a contract implied in law, also known as a quasi-contract.

"A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.,* 695 So. 2d 383, 385 (Fla. 4th DCA 1997). "The only distinction between an express and implied-in-fact contract is the manner in which the parties' assent is manifested or proven." *Baron v. Osman,* 39 So. 3d 449, 451 (Fla. 5th DCA 2010). A "contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement." *Commerce,* 695 So. 2d at 385.

One typical form of contract implied in fact is "where a person performs services at another's request, or where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances fairly raising the presumption that the parties understood and intended that compensation was to be paid." *Id.* at 386 (internal quotation marks omitted).

A key distinction between contracts implied in fact and contracts implied in law is that "[w]hile contracts implied in fact . . . require the assent of the parties, contracts implied in law do not require such assent." *Rite-Way Painting & Plastering, Inc. v. Tetor,* 582 So. 2d 15, 17 (Fla. 2d DCA 1991). A contract implied in law "is not based upon the finding, by a process of implication from the facts, of an agreement between the parties." *F.H. Paschen,* 311 So. 3d at 48.

"A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or conduct." *Commerce,* 695 So. 2d at 386. "The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation." *Id.* Thus, "[b]ecause the basis for recovery does not turn on the finding of an enforceable agreement, there may be recovery under a contract implied in law even where the parties had no dealings at all with each other." *Id.*

3

In *Commerce*, after we differentiated between contracts implied in fact and contracts implied in law, we clarified that the unpaid subcontractor there was asserting a claim against the owner for a contract implied in law, "not a contract implied in fact." *Id.* at 387. Describing our prior precedent, we then explained that a subcontractor could maintain a contract implied-in-law action against an owner only if "it pled and proved two elements to establish that the enrichment of the owner was unjust—that the subcontractor had exhausted all remedies against the general contractor and still remained unpaid and that the owner had not given consideration to any person for the improvements furnished by the subcontractor." *Id.* at 388.

The two elements discussed in *Commerce*—that the subcontractor has exhausted its remedies against the general contractor and that the owner must not have paid anyone—are essential elements to a claim that the enrichment of the owner was "unjust" for purposes of a contract implied in law.

But these elements are not elements of a contract implied in fact cause of action, which the trial court found was proven in this case based on the direct interaction between the representatives of Rhythm and Nature's Lawn. For this reason, we reject Rhythm's second argument.

We have considered Rhythm's final argument concerning damages, and we conclude that the $7,119 award was supported by competent, substantial evidence.

We dismiss that portion of the appeal directed at the trial court's determination that Nature's Lawn is entitled to attorney's fees. We lack jurisdiction to review this portion of the judgment because the trial court has not established the amount of fees and costs. *See, e.g., Sunrise Air, Inc. v. U.S. Bancorp Equip. Fin., Inc.*, 132 So. 3d 298, 299 (Fla. 4th DCA 2014).

*Affirmed in part, dismissed in part.*

GERBER and LEVINE, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4