ROBERT MITCHELL, PLAINTIFF IN ERROR, *vs.* JOHN J. MAXWELL, DEFENDANT IN ERROR.

Whenever a power is given by a statute, every thing necessary to the effectual execution of the power is given by implication.

Writ of Error to Leon Circuit Court.

This case, and the question involved in it, are fully stated in the opinion of the Court.

*Randall and Thompson,* for plaintiff in error.

*Archer,* for defendant in error.

Opinion by Chief Justice DOUGLAS :

This is a proceeding, instituted by the plaintiff against the defendant, in the Circuit Court of Leon County, to procure a decree of that Court to enable the plaintiff to cause the equity or legal right of redemption in certain property of the defendant to be sold by virtue of an execution at law, pursuant to the provisions of an act of the General Assembly of 1845, Chap. 44, Sections 1 and 2, Thompson's Digest, pages 355, 356, Nos. 3 and 4. Section 1 declares that, "from and after the passage of this act, equities of redemption, or the legal right of redemption in real and personal property, shall be subject to levy and sale under executions upon judgments, at common law or upon decrees in equity. Sec. 2, "that, upon application made by the party causing the levy or levies contemplated by the foregoing section to be made, the courts respectively rendering such judgment or granting such decree, shall cause the mortgagor or mortgagors, mortgagee or mortgagees, and all other persons who said mortgagor

or mortgagors, mortgagee or mortgagees, or any or either of them, shall state upon oath to be interested in said mortgaged property so levied upon, to come into court and answer upon oath, what amount remains due and owing upon said mortgage—what amount has been paid, and to whom and when paid, that the value of said equity or legal right of redemption may be ascertained before the same shall be sold." By the record, it appears that judgment was rendered in the late Superior Court of Leon County, in favor of the plaintiff, against the said defendant, on the 15th day of November, A. D., 1842, for the sum of $2,495 99-100 ; and that, by virtue of a *pluries* execution, issued on the 20th of July, A. D., 1847, from the said Circuit Court, the said plaintiff caused a levy to be made upon the equity of redemption, being the legal right of redemption of the said defendant, John J. Maxwell, in and to certain real and personal estate, described and mentioned in a certain deed of mortgage, bearing date on the 13th day of November, A. D., 1839, made, executed and delivered by the said John J. Maxwell to the Union Bank of Florda, to satisfy said writ of execution.

It also appears by the record, that a citation was duly issued, pursuant to an order of the Court, made on application of the plaintiff for that purpose, and was served upon the Union Bank of Florida, and that said bank, by its president, John G. Gamble, appeared and answered. After which, the plaintiff obtained an order of the Court, under which a citation issued, and was served upon the said defendant, John J. Maxwell, requiring him to appear and answer, according to the provisions of the statute, upon oath, but that he wholly failed to obey the said citation, and did not come into Court and answer upon oath, nor, indeed, did he answer at all, so far as the record shows. In this state of the case, and without any further proceedings in regard to the said defendant, John J. Maxwell, the plaintiff moved for a decree to authorize him to cause the said equity or legal right of redemption, so levied upon as above stated, to be sold, according to the provisions and directions of the statute ; which motion, after argument and due consideration, the Court overruled, and required the plaintiff to pay the costs of this proceeding. Whereupon the plaintiff sued out a writ of error, and assigns the following causes, viz : " The Court erred in the construction of the statute relied on by the plaintiff, and in refusing to grant the order for the sale of the equity of redemption."

26

The record does not show what construction the Court put upon the statute to which reference is made, and we are not able, therefore, to determine whether the first error is well assigned or not.—The second, we think, in the present position of the case, cannot be sustained.

The case, as stated upon the record, seems to be a proper one for the action of the Court, under the second section of the act before cited ; but all the steps, necessary to lay a foundation for the motion made, and for the overruling of which this writ of error is prosecuted, do not appear to have been taken.    The direction in the statute is, not that the parties shall be cited to appear, but that the Court shall cause them to come into court, and answer *under oath.*    The citation is, doubtless, proper in the first instance, as the first process ; but if such party fails to obey the citation, when it has been duly served upon him, some other step should be taken to cause him to come into court and answer upon oath as to the matters, in relation to which the statute requires that he be called to answer.    The object of the statute is plainly and clearly expressed..    It is that the value of said equity or legal right of redemption may be ascertained before the same shall be sold.    The reason for requiring this ascertainment of the value of the equity before the sale, does not so clearly appear upon the face of the statute itself ; it doubtless was, however, that persons, disposed to purchase at the sale, might know the extent of the incumbrances upon the property, and, consequently, be enabled to bid understandingly.    No one else can so well tell the nature and extent of the incumbrances as the mortgagor himself, and he is by the statute made a witness for that purpose.    Although it may reasonably be supposed that he would generally be the best witness, yet *all other persons,* who the said *mortgagor* or mortgagors, mortgagee or mortgagees, or either of them, shall state upon oath to be interested in said mortgaged property so levied upon, are made witnesses also.    There may be and often are, in such cases, other persons, beside the mortgagee, to whom the mortgagor has given liens, and perhaps secret trusts, upon the property mortgaged, which may very seriously affect the value of the equity.    Indeed, the very fact that such liens and incumbrances may exist, will necessarily render cautious men unwilling to bid, and thus affect the sales.    Mortgages may appear of record which have been paid—fictitious mortgages, or other apparent liens, may so· appear of record·in favor of

persons who never had existence, and there may be no one by whom these facts can be proven but the mortgagor himself; and he, unless required by the Court to disclose the information, may choose rather to withhold it, that he may, through the medium of friends, have the property bought in for a trifle for himself, to the great detriment of his creditors. It was to prevent such things as these, we think, that the provision of the statute was enacted. He should, therefore, be required, or to use the language of the statute, the Court should, upon the application of the party causing the levy or levies, &c., cause the *mortgagor* to come into court and disclose these matters *under oath*, and when he shall show that other persons are interested, they, too, should be caused to come into court and answer *upon oath*, as to the nature and extent of their respective interests. Unless this shall be done, he is a bold man who would bid for such property, at such a sale. The defendants, of course, would know the value and extent of the incumbrances, and might, by the aid of others, avail themselves of that knowledge, to defraud those whom it is the duty of the Court, so far as power is given it for that purpose, to protect. We are not to be understood as intimating that any such fraudulent acts or intent exists in this particular case. None such has been charged, and we are neither authorized nor inclined to presume it; but it is our duty to expound this statute, according to our view of the purpose for which it was adopted.

It has been suggested, that, as the statute has not declared the mode of proceeding by which the parties, upon whom it was intended to act, shall be caused to come into court, it cannot be enforced; but this is too narrow a view of the question. The law is well settled that, whenever a power is given by a statute, every thing necessary to the making it effectual is given by implication; for the maxim is *"Quando lex aliquid concedit, concedere videtur et id, per quod devenitur ad illud."* 9 Bac. Abr. Ed., 1846, page 220—citing 12 Reports, 130, 131. 1 & 2 Inst., 306. Witherspoon *v.* Dunlap, 1 Mc Cord, 546. 3 U. States Dig., 483, No. 32. 1 Kent's Comm., page 465, note a, and Field *v.* The People, 2 Scamm. Reps., 79, 83.

If a *subpœna* had been issued according to law in a case pending in Court, in which the testimony of a witness was required, commanding him to attend in such court on a given day to testify in the cause, and had been duly served, the court, if he failed to attend and had no good reason to offer for not doing so, would, we apprehend,

be at no loss what to do, even if the statute had made no provision on the subject. Whether, were the defendant to stand out in contempt, refuse to answer, and put the court at defiance, a decree for the sale might be made without his answer, or what in such a case ought to be done as regards the execution, it is not necessary for us to say. We will not anticipate such a state of things.

This case is not properly before us ; but, if it were so, we should deem it unnecessary to examine the several interesting questions arising upon the charter of the Union Bank, which were presented at the argument of this case, as they have all been presented, very fully discussed, and the opinion of the Court pronounced upon them, upon the cross writs of error in the case of the Union Bank and the administrators of Samuel Parkhill, deceased, at the present term of this Court.

There having been no final judgment or decree in this cause, it must be dismissed and remanded to the Court below, for such proceedings to be had therein as to right and justice shall appertain.

*Per curiam.*