611 So.2d 564 (1992)
CARPENTER CONTRACTORS OF AMERICA, INC., a Delaware Corporation and R & D Thiel, Inc., a Delaware Corporation, Appellants,
v.
FASTENER CORP. OF AMERICA, INC., a Florida corporation, Appellee.
No. 91-2163.
District Court of Appeal of Florida, Fourth District.
December 30, 1992.
Rehearing Denied February 8, 1993.
Roger L. Brown of Carpenter & Brown, P.A., Fort Lauderdale, and Harold D. Smith of Law Offices of Harold D. Smith, P.A., Hollywood, for appellants.
Paul D. Breitner of Shapiro, Leder, Breitner & Taplin, Miami, for appellee.
PER CURIAM.
This is an appeal from a final judgment for breach of contract. Based upon the contractual provisions, the evidence was incomplete and inadequate to support the judgment rendered, and we reverse.
Appellant Carpenter and ABC Staple Co. (Appellee Fastener's predecessor) entered into a written agreement in December 1986 whereby ABC would provide tools on loan to Carpenter in exchange for Carpenter's promise to purchase fasteners used in the *565 tools exclusively from ABC. The relevant portion of this agreement provides:
For the life of this agreement ... a tool inventory will be held and CCA [Carpenter] will be held accountable only for the tools loaned to CCA in the past five years ... Tools for which CCA is not held accountable as per this agreement may be substituted for tools of the same type which are not accounted for at inventories. (emphasis supplied)
Fastener purchased ABC in 1987 and then sold its assets to a third party in 1990. Throughout that period there was a dispute between Carpenter and Fastener as to how many tools Carpenter was accountable for under the contract. Fastener insisted that there were a number of missing tools. Eventually, after Fastener sold the tools to the third party, Fastener sued Carpenter for breach of contract because of the allegedly missing tools.
The trial is a total confusion regarding the numbers of tools allegedly missing. However, what we can glean is that Fastener tried to prove its case by using the numbers of tools in Carpenter's possession that Fastener had purchased from ABC, adding tools additionally loaned to Carpenter, and subtracting the tools Fastener sold to the third party.
Under a breach of contract cause of action the burden of proof is on the plaintiff to prove by a preponderance of the evidence the existence of a contract, a breach, and damages flowing from the breach. Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977). The contract provision at issue here specifically provided that Carpenter would only be held accountable for tools lent in the past five years. The parties stipulated into evidence a chart showing all of the tools lent by year from 1978 to 1986. Based on the chart, 73 tools were lent in 1986. Fastener's president testified that after 1987 the corporation loaned out 155 and 85 tools in the next years, for a total number of tools of 311 for the five year period from 1986 through 1990. Fastener's president also testified that when he sold the tools to a third party in 1990, there were 407 tools. Thus, the testimony showed that since Carpenter had 407 tools on hand in 1990, this was more than was loaned in the preceding five years. As that was all Carpenter was required to account for to Fastener, there were no "missing" accountable tools according to the contract. Thus, there could be no breach of contract justifying a damage award to appellee. Finding no competent evidence to support the judgment, we must reverse.
While appellee also claims that the judgment could be supported under an account stated theory, we reject this as meritless. For an account stated to exist, there must be agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance. Merrill-Stevens Dry Dock Co. v. Corniche Exp., 400 So.2d 1286 (Fla. 3d DCA 1981). Here there was no evidence that the parties agreed on any balance due and owing.
Reversed and remanded for entry of a judgment in favor of appellee.
WARNER, J., and WALDEN, JAMES H., Senior Judge, concur.
HERSEY, J., concurs in result only.