919 So.2d 619 (2006)
AETNA HEALTH, INC., f/k/a, Aetna U.S. Healthcare, Appellant,
v.
21st CENTURY ONCOLOGY, INC., Appellee.
No. 1D05-0143.
District Court of Appeal of Florida, First District.
January 20, 2006.
*620 Katherine E. Giddings and Bruce D. Platt of Akerman Senterfitt, Tallahassee, for appellant.
Mark A. Connolly of Shumaker, Loop & Kendrick, Tampa, for appellee.

ORDER ON RENEWED JOINT MOTION TO VACATE FINAL ORDER
POLSTON, J.
This matter arises from a claims dispute resolution process between the parties. In December 2004, the Agency for Health Care Administration ("AHCA") received a recommended order from Maximus, the organization under contract with AHCA for the dispute resolution process, in favor of appellee. Pursuant to section 408.7057, Florida Statutes (2004), AHCA issued a final order, adopting Maximus' recommendation. Appellant timely appealed the final order.
During the course of this appeal, the parties amicably settled the dispute underlying the final order at issue. However, as a condition of the settlement, the parties requested the underlying final order from AHCA to be vacated by filing a Joint Motion to Vacate the Final Order with this court. On October 25, 2005, this court denied the motion, but sua sponte relinquished jurisdiction to AHCA for 30 days, to permit the parties to request AHCA, the proper forum, to vacate the order.
After jurisdiction was relinquished, AHCA denied the joint motion, stating:
Unfortunately, while the parties' arguments in support of their Motion are laudable, [AHCA] concludes section 408.7057, Florida Statutes (2005), the statutory scheme governing this matter, allows AHCA no discretion to vacate the Final Order. Specifically, Section 408.7057(4) states that within 30 days after receipt of the resolution organization's recommendation, the "agency shall adopt the recommendation as a final order." Because administrative agencies are creatures of statute and only have those powers conferred by statute, [AHCA] concludes that [it] cannot grant the relief requested by the Parties.
However, when jurisdiction over this matter returns to the First District Court of Appeal, [AHCA] respectfully suggests the Parties renew their request *621 for the Court to vacate the Final Order. While AHCA is merely a tribunal in proceedings under section 408.7057, the Court appears to be the only tribunal with the legal authority to grant the relief sought by the Parties. Moreover, if AHCA's interpretation of section 408.7057 is erroneous, then the Court has the authority under section 120.68(7), Florida Statutes (2005), to set aside the agency action at issue.
(Citation omitted).
AHCA's interpretation of section 408.7057 is not one that we need give deference. See Health Options, Inc. v. Agency for Health Care Admin., 889 So.2d 849, 851 & n. 2 (Fla. 1st DCA 2004). Section 408.7057(2)(a), Florida Statutes (2005), directs AHCA to establish a dispute resolution program to "provide assistance to contracted and non-contracted providers and health plans for resolution of claim disputes that are not resolved by the provider and the health plan." (Emphasis added). By the plain language of the statute, the dispute resolution program only applies to unresolved claim disputes. Because the parties have resolved their claim disputes at issue, section 408.7057(4) does not prohibit AHCA from vacating its prior final order to facilitate the parties' settlement. See Reich v. Dep't of Health, 868 So.2d 1275, 1276 (Fla. 1st DCA 2004) (reversing the Department of Health's dismissal, for lack of jurisdiction, of appellant's motion to vacate a final order entered by the Board of Medicine; stating that "[a]s a general rule, an agency has inherent or implied power to rehear or reopen a cause to reconsider the action taken therein, where the proceeding is in essence a judicial one"); Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137, 1138 (Fla. 1st DCA 1981) (recognizing an administrative agency's power to control and modify orders, if timely done).
Therefore, because we hold that AHCA has the authority to vacate its previous final order, we again deny the parties' renewed joint motion to vacate AHCA's final order, dismiss this appeal because of the parties' settlement, and remand to AHCA with instructions to vacate its final order to facilitate the settlement between the parties.
ERVIN and LEWIS, JJ., concur.