934 So.2d 602 (2006)
ADVENTIST HEALTH SYSTEM/SUNBELT, INC., etc., Appellant,
v.
BLUE CROSS AND BLUE SHIELD, etc., et al., Appellees.
No. 5D05-1735.
District Court of Appeal of Florida, Fifth District.
July 21, 2006.
Joseph I. Zumpano and Leon N. Patricios of Zumpano Patricios & Winker, PA, Coral Gables and Arthur J. England, Jr., of Greenberg Traurig, P.A., Miami, for Appellant.
Charles C. Lane of Lau Lane Pieper Conley & McCreadie, P.A., Tampa, for Appellee.
Edward J. Pozzuoli and Stephanie Alexander of Trip Scott, P.A., Fort Lauderdale, Amicus Curiae for Florida Hospital Association, Florida College of Emergency Physicians, Florida Medical Association, the American College of Emergency Physicians *603 and The American Medical Association.
Steven M. Ziegler and Dorothy F. Easley of Steven M. Ziegler, P.A., Hollywood, Amicus Curiae for Florida Association of Health Plans.
TORPY, J.
The issue in this case is whether the lower court properly dismissed Appellant's (hereinafter "Florida Hospital") declaratory judgment complaint seeking an interpretation of section 641.513(5)(b), Florida Statutes (2005). That statute requires HMOs to pay healthcare providers, which have no contract with the HMO, for emergency medical treatment rendered to subscribers of the HMO. The crux of the dispute involves the amount Appellee (hereinafter "Health Options"), an HMO, must pay, pursuant to the statute, for the emergency medical treatment rendered to its subscribers by Florida Hospital. Specifically, the parties disagree over the meaning of statutory language obligating Health Options to pay "the usual and customary provider charges for similar services in the community where the services were provided . . . ." § 641.513(5)(b), Fla. Stat. (2005). We hold that Florida Hospital's complaint stated a cause of action; therefore, the lower court erred when it granted judgment on the pleadings.
Section 641.513(5), Florida Statutes (2005), provides:
(5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
(a) The provider's charges;
(b) The usual and customary provider charges for similar services in the community where the services were provided; or
(c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.
Such reimbursement shall be net of any applicable copayment authorized pursuant to subsection (4).
Although Health Options acknowledges that the statute requires it to pay some amount for emergency medical services rendered to its subscribers, it contends that it is only obligated to pay an amount equal to 120% of what Medicare would reimburse for the same services. Conversely, Florida Hospital contends that section 641.513(5) requires that Health Options pay Florida Hospital's full billed charges because they are the "usual and customary provider charges for similar services in the community." While this dispute has been pending, Florida Hospital has billed Health Options its full charges for services rendered to Health Options' subscribers, but Health Options has only paid a reduced amount in accordance with its interpretation of the statute.
The issue before us at this juncture is whether this dispute was properly before the lower court for determination on Florida Hospital's complaint seeking a declaratory judgment. Although initially conceding in a stipulation that declaratory judgment was available to decide the issues in this case,[1] Health Options changed its position in light of our decision in The Florida Physicians Union, Inc. v. United Healthcare of Florida, Inc., 837 So.2d 1133 (Fla. 5th DCA 2003). There, we held that the lower court properly dismissed *604 an action seeking a declaration that the defendant HMO had violated section 641.3903, Florida Statutes, concluding that the action merely sought an advisory opinion. We reasoned that, because section 641.3903 neither expressly nor impliedly created a private cause of action to enforce its provisions, the request for a declaration was merely hypothetical and thus not cognizable.
We think Florida Physicians is distinguishable. The statute at issue there did not purport to establish civil liability. Rather, it merely made provision for the safety and welfare of the public by declaring certain business practices by HMOs to be unfair and deceptive and empowering the Department of Insurance to investigate and punish offenders. See Murthy v. N. Sinha Corp., 644 So.2d 983, 986 (Fla. 1994) ("In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing civil liability."). The statute at issue here, by contrast, does establish civil liability. This the litigants acknowledge. The dispute here is not whether liability is imposed by the statute, but the methodology for use in establishing the amount of that liability and the applicable enforcement remedy.[2] Under these circumstances, a private right of action may be implied. Id.[3]
We also agree with Florida Hospital that, even assuming a statutory cause of action may not be implied, common law theories are available for redress through the courts. See, e.g. Westside EKG Assocs. v. Found. Health, 932 So.2d 214 (Fla. 4th DCA 2005). Because a civil remedy exists, whether arising from statute or common law, a request for declaratory relief is authorized because an actual dispute, not merely a hypothetical one, exists between the parties.
Here, the request for a declaration falls squarely within the plain language of the declaratory judgment statute. The request involves an actual controversy between two parties who have an ongoing dispute concerning the meaning of the statute. Unquestionably, the parties' transactions are governed by the statute. The request for judicial construction of the statute, therefore, is proper.
REVERSED and REMANDED.
PLEUS, C.J., and ORFINGER, J., concur.
NOTES
[1] The Joint Case Management Report, filed by the parties stated: "Assuming discovery shows that actual member claims exist ..., the parties have an actual case or controversy... that can be properly decided by this court through a declaratory judgment action."
[2] We disagree that anything in the language of the statute manifests an intent by the Legislature to confer upon the Agency for Health Care Administration (AHCA) exclusive jurisdiction to resolve this dispute, nor do we agree that the statutory, voluntary dispute resolution process established pursuant to section 408.7057, Florida Statutes (2005), must first be exhausted. Although not determinative, it is noteworthy that the AHCA responded to a complaint made by Florida Hospital involving the instant dispute by stating that it "does not have specific rule making authority to determine what specific payment amounts would comply with Section 641.513(5)(b), Florida Statutes...." Instead, the AHCA directed the parties to bring this issue before a "court of competent jurisdiction or the provider dispute resolution program as outlined in section 408.7057."
[3] We similarly distinguish Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842 (Fla.2003), and Greene v. Well Care HMO, Inc., 778 So.2d 1037 (Fla. 4th DCA 2001).