940 So.2d 1190 (2006)
Peter F. MERKLE, M.D., P.A., on behalf of itself and all others similarly situated, Appellants,
v.
HEALTH OPTIONS, INC., Aetna Health, Inc., Vista Healthplan, Inc., and Neighborhood Health Partnership, Inc., Appellees.
Nos. 4D05-4552 to 4D05-4555.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Rehearing Denied November 20, 2006.
*1192 Paul J. Geller, Stuart A. Davidson, Marisa N. DeMato and Nicole R. Avallone of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Boca Raton, Sanford Svetcov of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Francisco, California, Eric Lee of Lee & Amtzis, P.L., Boca Raton, Lawrence Kopelman and Douglas Blankman of Kopelman & Blankman, P.A., Fort Lauderdale, and Patrick W. Lawlor of Patrick Lawlor, P.A., Fort Lauderdale, for appellants.
Stephanie Alexander and Edward J. Pozzuoli of Tripp Scott, P.A., Fort Lauderdale, for Amici Curiae Florida Hospital Association, Florida College of Emergency Physicians, Florida Medical Association, the American Medical Association, the American College of Emergency Physicians, and the Florida Orthopaedic Society.
Steven R. Weinstein and William J. Spratt, Jr., of Kirkpatrick & Lockhart Nicholson Graham, LLP, Miami, for Amici Curiae The Florida Society of Pathologists and The American Pathology Foundation.
Miguel A. Estrada and Geoffrey M. Sigler of Gibson, Dunn & Crutcher, LLP, Washington, D.C., and Michael Keith Winston of Carlton Fields, P.A., West Palm Beach, for appellee Aetna Health, Inc.
W. Edward McIntyre and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre, Gregoire & Klein, P.A., *1193 Fort Lauderdale, Scott Jared Fisher of Neal, Gerber & Eisenberg, LLP, Chicago, IL, Eileen M. Considine of Gardner Carton & Douglas, LLP, Albany, NY, and David S. Almeida of Gardner Carton & Douglas, LLP, Chicago, IL, for appellee Neighborhood Health Partnership, Inc.
Steven M. Ziegler and Andres Gonzalez of Law Offices of Steven M. Ziegler, P.A., Hollywood, for appellee Vista Healthplan, Inc.
Steven E. Siff, Justin B. Uhlemann and Michael G. Austin of McDermott, Will & Emery, LLP, Miami, for appellee Health Options, Inc.
HAZOURI, J.
Peter F. Merkle, M.D., P.A. (Merkle) filed four class action complaints against Health Options, Inc., Vista Healthplan, Inc., Neighborhood Health Partnership, Inc., and Aetna Health, Inc., individually (collectively referred to as the "HMOs"). Merkle is a professional association providing emergency orthopaedic services, as a non-participating provider, to patients insured by the HMOs. Merkle raised four claims in each complaint: (1) violations of section 641.513(5), Florida Statutes (2003), (2) unjust enrichment and quantum meruit, (3) account stated, and (4) declaratory and injunctive relief. Merkle appeals from orders dismissing, with prejudice, each of its four complaints.[1] We affirm the trial court's dismissal of Merkle's account stated claims, but reverse the trial court's dismissal of the remaining claims.
Emergency service providers like Merkle are required to care for HMO subscribers regardless of whether the provider participates in the HMO's health plan. See § 641.513(2), Fla. Stat. (2003). However, section 641.513(5), Florida Statutes (2003), dictates how an HMO must reimburse these non-participating providers. The statute mandates that:
Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
(a) The provider's charges;
(b) The usual and customary provider charges for similar services in the community where the services were provided; or
(c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.
Such reimbursement shall be net of any applicable copayment authorized pursuant to subsection (4).
§ 641.513(5), Fla. Stat. (2003). Specifically, Merkle claimed that beginning in 2003, the HMOs violated section 641.513(5) by paying class members "artificially reduced payment amounts" equal to 120% of the Medicare reimbursement schedule, rather than the usual and customary provider charges.
The HMOs filed four separate motions to dismiss Merkle's complaints. Collectively, they argued the following:
1. Merkle's claims under section 641.513(5) and for declaratory relief fail to state a cause of action because section 641.513(5) does not authorize a private cause of action for its violation. Thus, Merkle must assert his claims through an alternative dispute resolution process provided for in section 408.7057, Florida Statutes.
2. Merkle's unjust enrichment/quantum meruit claim fails to state a cause of action because it does not allege any ultimate facts to show that Merkle conferred a benefit on *1194 the HMOs, or that the HMOs voluntarily and knowingly accepted any benefit from Merkle.
3. Merkle's claim for account stated fails to state a cause of action because the parties never agreed on the amount the HMOs would pay Merkle.
4. Merkle's request for declaratory relief is a request for an impermissible advisory opinion because section 641.513(5) does not authorize a private cause of action.
The trial court held a consolidated hearing on the motions to dismiss, and entered four virtually identical orders granting the motions to dismiss, with prejudice, and entering final judgment in favor of the HMOs on all claims. The trial court concluded that:
1. No private right of action exists under section 641.513(5).
2. Merkle's complaints failed to state a cause of action for unjust enrichment/quantum meruit because the HMOs received no benefit from Merkle.
3. The dismissal of Merkle's unjust enrichment claim did not violate his fundamental right of access to the courts because any final agency order would be subject to appellate review.
4. Merkle's claims for account stated failed to state a cause of action because the Explanation of Benefits attached to Merkle's complaints showed that the HMOs did not agree to pay Merkle's billed charges.
5. Granting Merkle leave to amend would be futile.
"In reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and it must accept all the allegations in the complaint as true." Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004) (citing Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001)). "`Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review.'" Royal & Sunalliance, 877 So.2d at 845 (quoting Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001)).
Merkle argues first that the trial court erred in finding that section 641.513(5) does not imply a private right of action. We agree. Merkle relies on the recent Fifth District decision in Adventist Health System/Sunbelt, Inc. v. Blue Cross & Blue Shield, 934 So.2d 602 (Fla. 5th DCA 2006).
Adventist Health is directly analogous to the instant case. In Adventist Health, a hospital providing emergency treatment to HMO subscribers brought a declaratory judgment complaint against the HMO seeking an interpretation of section 641.513(5). 934 So.2d at 603. The HMO argued that it was obligated only to pay an amount equal to 120% of Medicare reimbursement rates. Id. The hospital argued that section 641.513(5) required the HMO to pay the "`usual and customary provider charges for similar services in the community.'" Adventist Health, 934 So.2d at 603. The appellate court recognized the distinction set forth in Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994), between statutes that "purport to establish civil liability" and statutes that "merely [make] provision to secure the safety or welfare of the public as an entity." Adventist Health, 934 So.2d at 604 (quoting Murthy, 644 So.2d at 986). The court recognized that "`[i]n general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or *1195 welfare of the public as an entity, will not be construed as establishing civil liability.'" Id. The court concluded that:
[Section 641.513(5)] . . . does establish civil liability. This the litigants acknowledge. The dispute here is not whether liability is imposed by the statute, but the methodology for use in establishing the amount of that liability and the applicable enforcement remedy. Under these circumstances, a private right of action may be implied.
Adventist Health, 934 So.2d at 604 (citing Murthy, 644 So.2d at 986) (footnotes omitted).
In reaching this conclusion, the court in Adventist Health distinguished three cases that the HMOs in the present case rely on: Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842 (Fla.2003); Fla. Physicians Union, Inc. v. United Healthcare of Fla., Inc., 837 So.2d 1133 (Fla. 5th DCA 2003); and Greene v. Well Care HMO, Inc., 778 So.2d 1037 (Fla. 4th DCA 2001). In Villazon, the personal representative of an HMO subscriber brought a wrongful death action based on negligence against the subscriber's doctor and HMO. 843 So.2d at 844. The personal representative claimed that the HMO "`assumed a non-delegable duty to render medical care to his wife in a non-negligent manner when she purchased health care coverage from [the HMO].'" Id. at 852 (quoting Villazon v. Prudential Health Care Plan, Inc., 794 So.2d 625, 628 (Fla. 3d DCA 2001)). The personal representative claimed that the nondelegable duty arose under the Health Maintenance Organization Act ("HMO Act"), sections 641.17-641.3923, Florida Statutes (2000). Villazon, 843 So.2d at 852. The Supreme Court of Florida concluded that a private right of action could not be implied under the HMO Act absent an expression of legislative intent to do so. Id. (citing Murthy, 644 So.2d at 986). The supreme court distinguished the HMO Act from acts like the nursing home statute, where the legislature expressly recognized a right of nursing home residents to receive adequate health care and a corresponding private right of action for deprivation of the residents' rights. Villazon, 843 So.2d at 852 (citing § 400.022(1)(l), Fla. Stat. (1997); § 400.023(1), Fla. Stat. (1997)). The supreme court refused to imply a private cause of action where the legislature did not specifically provide for one.
In Florida Physicians, an organization representing medical care providers filed suit against an HMO seeking a declaration that the HMO violated section 641.3903, Florida Statutes, by engaging in various payment methods. Florida Physicians, 837 So.2d at 1134. The trial court dismissed the action, ruling that section 641.3903 did not provide a private cause of action. Id. at 1134-35. The appellate court agreed, concluding that the action merely sought an advisory opinion because the statute did not "expressly or impliedly [authorize] a private suit brought for purposes of enforcing or declaring violations of the statute." Id. at 1137.
In Greene, an HMO subscriber alleged that the HMO's "failure to honor her claim for benefits constituted bad faith handling of a claim and unfair trade practice in violation of sections 641.3901-.3905 and 624.155, Florida Statutes (1997)." 778 So.2d at 1039. The HMO subscriber in Greene argued that the trial court erred when it found that the HMO Act did not authorize a private cause of action. Id. at 1039. This court disagreed and declined to imply a bad faith or unfair trade practice cause of action in the HMO Act. Id. at 1040. Instead, this court directed that the HMO subscriber could pursue breach of contract and tort law claims against the *1196 HMO based on common law principles. Id. at 1041-42.
In Adventist Health, the appellate court found the holdings in Villazon, Florida Physicians and Greene inapplicable to section 641.513(5). Adventist Health, 934 So.2d at 604. In Adventist Health, the appellate court concluded:
We think Florida Physicians is distinguishable. The statute at issue there did not purport to establish civil liability. Rather, it merely made provision for the safety and welfare of the public by declaring certain business practices by HMOs to be unfair and deceptive and empowering the Department of Insurance to investigate and punish offenders.
Adventist Health, 934 So.2d at 604 (citing Murthy, 644 So.2d at 986). The appellate court went on to note that Villazon and Greene were similarly distinguishable. Adventist Health, 934 So.2d at 604 n. 3.
As recognized in Adventist Health, the cases of Villazon, Florida Physicians and Greene are distinguishable from the instant case. First, Villazon, Florida Physicians and Greene are specifically limited to provisions in the HMO Act, sections 641.17-641.3923. Section 641.513(5), at issue in this case, is not part of the HMO Act. Rather, it is included within part III of Chapter 641. Second, unlike 641.513(5), each of the statutory provisions at issue in Villazon, Florida Physicians and Greene were aimed specifically at protecting the public as an entity; i.e.: preventing negligence, unfair and deceptive trade practices and bad faith. Section 641.513(5) is aimed at protecting non-participating providers who must provide emergency medical services to HMO subscribers, ensuring they are compensated fairly. The question is not whether the HMOs are liable under section 641.513(5), but rather what is the appropriate method for determining the extent of that liability. Adventist Health, 934 So.2d at 604.
Not only is the instant case distinguishable from Villazon, Florida Physicians and Greene, but it is well-settled in Florida that "[i]t must be assumed that a provision enacted by the legislature is intended to have some useful purpose." Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So.2d 182, 184 (Fla.1983) (citing Girard Trust Co. v. Tampashores Dev. Co., 95 Fla. 1010, 117 So. 786 (1928)). In Smith, the Supreme Court of Florida implied a statutory cause of action for the wrongful discharge of employees who sought workers' compensation benefits. 427 So.2d at 183-84. The supreme court acknowledged that "because the legislature enacted a statute that clearly imposes a duty and because the intent of the section is to preclude retaliatory discharge, the statute confers by implication every particular power necessary to insure the performance of that duty." Id. at 184 (citing Mitchell v. Maxwell, 2 Fla. 594 (1849)). Section 641.513(5) clearly imposes a duty on HMOs to reimburse non-participating providers according to the statute's dictates, not based on Medicare reimbursement rates. The intent of the section is to ensure that the non-participating providers are adequately paid for a service they are required by law to perform. See § 641.513(2), Fla. Stat. (2003) ("[p]rehospital and hospital-based trauma services and emergency services and care must be provided to a subscriber of a health maintenance organization as required under ss. 395.1041, 395.4045, and 401.45").
The HMOs contend also that this court's decision in Plantation General Hospital Ltd. Partnership v. Horowitz, 895 So.2d 484 (Fla. 4th DCA 2005), rev. granted, 924 So.2d 808 (Fla.2006), supports their argument that no private right of action may be implied in this case. There, *1197 the plaintiff, who held an unsatisfied medical malpractice judgment against an uninsured physician, sought recovery under section 458.320, Florida Statutes (2004), from the hospital which granted staff privileges to the physician. Horowitz, 895 So.2d at 485-86. Section 458.320 in part requires licensed physicians to establish financial responsibility to satisfy malpractice judgments by specified methods. This court concluded in Horowitz that:
We are unable to find any indication anywhere in the entire statutory scheme that a money damages remedy against a hospital is within any legislative purpose discernible from the text adopted. From the statute itself, we are unable to find any legal justification for any kind of money damages remedy against the hospital under any theory.
895 So.2d at 488. Thus, a court may imply a private cause of action only where the statutory scheme and statute itself indicate a legislative purpose to do so. Id. at 487-88.
Horowitz is inapposite to this case. Unlike Horowitz, this is not a case where we are unable to find any justification in the statutory scheme or text for any kind of money damages remedy against the HMOs under any theory. Parties have "the right to maintain a private cause of action as the persons the legislature intended to protect by the enactment" of a particular statute. Moyant v. Beattie, 561 So.2d 1319, 1320 (Fla. 4th DCA 1990). In enacting 641.513(5), the legislature intended to protect not only subscribers, but also non-participating providers. As the amici curiae[2] supporting Merkle's position point out, the terms of section 641.513(5) are obligatory ("shall"). Further, legislative history confirms that the legislature intended non-participating providers to be reimbursed in accordance with the statute. See Fla. H.R. Comm. on Health Care, CS for HB 979 (1996) Bill Analysis 4 (May 14, 1996) (on file with comm.) (indicating that the legislature intended "that subscribers will receive needed services for which hospitals and emergency room physicians will receive reimbursement").
The HMOs argue further that the only avenues for vindication of Merkle's rights under section 641.513(5) are either (1) filing a claim under ERISA, the federal Employee Retirement Income Security Act, or (2) participating in the alternative dispute resolution process established in section 408.7057, Florida Statutes. We decline to address ERISA's applicability to this case, as the issue was not discussed or raised below, and we disagree with the HMOs' contention that dispute resolution under section 408.7057 is mandatory. Section 408.7057(2)(a), Florida Statutes (2005), provides in pertinent part, that:
[T]he [Florida Agency for Health Care Administration (AHCA)] shall establish a program by January 1, 2001, to provide assistance to contracted and noncontracted providers and health plans for resolution of claim disputes that are not resolved by the provider and the health plan. The agency shall contract with a resolution organization to timely review and consider claim disputes submitted by providers and health plans and recommend to the agency an appropriate resolution of those disputes.
*1198 There is no indication in section 408.7057 that the dispute resolution process is mandatory. In Adventist Health, the court noted the following:
We disagree that anything in the language of the statute manifests an intent by the Legislature to confer upon [AHCA] exclusive jurisdiction to resolve this dispute, nor do we agree that the statutory, voluntary dispute resolution process established pursuant to section 408.7057, Florida Statutes (2005), must first be exhausted. Although not determinative, it is noteworthy that the AHCA responded to a complaint made by Florida Hospital involving the instant dispute by stating that it "`does not have specific rule making authority to determine what specific payment amounts would comply with Section 641.513(5)(b), Florida Statutes. . . .'" Instead, the AHCA directed the parties to bring this issue before a `court of competent jurisdiction or the provider dispute resolution program as outlined in section 408.7057.'
934 So.2d at 604 n. 2; see also Found. Health v. Garcia-Rivera, M.D., 814 So.2d 537, 538 (Fla. 3d DCA 2002) (finding that class action proceedings may be appropriate despite arbitration provisions in agreements between providers and HMOs). Thus, while the dispute resolution process under section 408.7057 may provide an adequate review of a non-participating provider's claims under section 641.513(5),[3] it is not the only avenue of review.[4]
Thus, we find that the trial court erred in concluding that section 641.513(5) does not imply a private cause of action.
Merkle's next argument on appeal is that the trial court erred in failing to grant it leave to amend its complaints to assert a third-party beneficiary claim under Westside EKG Associates v. Foundation Health, 932 So.2d 214 (Fla. 4th DCA), rev. granted, 917 So.2d 193 (Fla.2005). We disagree. "Failure to seek leave of court or written consent of [the] adverse party to amend [a] complaint prior to dismissal with prejudice and failure to then move for a rehearing requesting leave to amend, precludes raising [the] issue for [the] first time on appeal." Johnson v. RCA Corp., 395 So.2d 1262, 1263 (Fla. 3d DCA 1981); see also Century 21 Admiral's Port, Inc. v. Walker, 471 So.2d 544, 544 (Fla. 3d DCA 1985); Hohenberg v. Kirstein, III, 349 So.2d 765, 766-67 (Fla. 3d DCA 1977). The record reveals that Merkle was aware of Westside's holding before the trial court dismissed its claims, but failed to seek leave of court or consent of the HMOs to amend its complaints. Further, Merkle never sought leave to amend by moving for a rehearing. Accordingly, Merkle may not be heard for the first time on appeal regarding its right to amend its complaint to add a third-party beneficiary claim.
Merkle claims also that the trial court erred in dismissing its unjust enrichment claims on the basis that Merkle conferred no benefit on the HMOs. We agree. *1199 In Hillman Construction Corp. v. Wainer, 636 So.2d 576 (Fla. 4th DCA 1994), this court explained:
The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.
Id. at 577 (citing Henry M. Butler, Inc. v. Trizec Props., Inc., 524 So.2d 710 (Fla. 2d DCA 1988)). This court went on to state that "[c]omplaints should not be dismissed for failure to state a cause of action unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim." Hillman Constr. Corp., 636 So.2d at 578 (citing Martin v. Highway Equip. Supply Co., 172 So.2d 246 (Fla. 2d DCA 1965)). In reviewing the dismissal of a claim, the appellate court "do[es] not consider the ultimate merits of [a party's] claim, but merely whether [the party] can plead it." Greenfield v. Manor Care, Inc., 705 So.2d 926, 931 (Fla. 4th DCA 1997) (citing Hillman Constr. Corp., 636 So.2d at 577), overruled on other grounds, Beverly Enters.-Fla., Inc. v. Knowles, 766 So.2d 335 (Fla. 4th DCA 2000).
In the instant case, the trial court found, as a matter of law, that "any benefit from services rendered by Merkle flowed to emergency room patients, not [the HMOs]." However, as Merkle argues, this conclusion defies the dictates of Hillman and Greenfield. The trial court should not have considered the ultimate merits of Merkle's unjust enrichment claim at the motion to dismiss stage. Merkle alleged facts sufficient to support its argument that Merkle's treatment of the subscribers conferred a benefit on the HMOs. The complaints also alleged the elements of an unjust enrichment/quantum meruit claim.
Merkle's next argument on appeal is that the trial court erred in dismissing Merkle's account stated claims. We disagree. "For an account stated to exist, there must be agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am., Inc., 611 So.2d 564, 565 (Fla. 4th DCA 1992) (citing Merrill-Stevens Dry Dock Co. v. Corniche Exp., 400 So.2d 1286 (Fla. 3d DCA 1981)). Merkle contends that sections 641.513(2) and 641.513(5) create an implied agreement between Merkle and the HMOs as to the balance owed by the HMOs. However, this argument is tenuous, at best. Merkle's entire lawsuit is premised on the HMOs' failure to pay according to their statutory obligations, which compels the conclusion that there is no agreement between Merkle and the HMOs as to the balance that is due and owing. As the HMOs argue, the Explanation of Benefits attached to each of Merkle's complaints illustrates that the parties have failed to reach an agreement on what amount is owed to Merkle in these cases. "`If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.'" Shumrak v. Broken Sound Club, Inc., 898 So.2d 1018, 1020 (Fla. 4th DCA 2005) (quoting Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240, 1242 (Fla. 2000)). Accordingly, the trial court did not err in dismissing Merkle's account stated claims.
Merkle's last argument is that the trial court erred in dismissing its claim for declaratory relief pursuant to section 86.021, Florida Statutes (2005), to clarify its rights, and those of the putative class, under section 641.513(5). In Adventist *1200 Health, the court reversed the trial court's dismissal of a provider's declaratory judgment complaint seeking an interpretation of section 641.513(5)(b). Adventist Health, 934 So.2d at 604. The court concluded:
Because a civil remedy exists, whether arising from statute or common law, a request for declaratory relief is authorized because an actual dispute, not merely a hypothetical one, exists between the parties.
Here, the request for a declaration falls squarely within the plain language of the declaratory judgment statute. The request involves an actual controversy between two parties who have an ongoing dispute concerning the meaning of the statute. Unquestionably, the parties' transactions are governed by the statute. The request for judicial construction of the statute, therefore, is proper.
Id. Because we agree with the court's reasoning in Adventist Health, we conclude that the trial court erred in dismissing Merkle's claims for declaratory relief.
We affirm the trial court's dismissal of Merkle's account stated claims, but reverse the trial court's dismissal of Merkle's remaining claims and remand for further proceedings.
Affirmed in Part, Reversed in Part, and Remanded.
SHAHOOD, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, J., concurring in part and dissenting in part.
As to dismissal of the count for unjust enrichment, I would affirm. In all other respects, I concur fully with the opinion.
NOTES
[1] These four cases were consolidated for the purposes of appeal.
[2] Two amici curiae briefs were filed in this case on behalf of Merkle's position. The first brief was filed by the Florida Hospital Association, Florida College of Emergency Physicians, Florida Medical Association, the American Medical Association, the American College of Emergency Physicians and the Florida Orthopaedic Society. The second brief was filed by the Florida Society of Pathologists and the American Pathology Foundation.
[3] The HMOs argue correctly that the dispute resolution process results in final agency orders that may be appealed to the district courts of appeal, and that AHCA can order HMOs to make additional payments to providers on disputed claims submitted to the dispute resolution program. See § 408.7057, Fla. Stat. (2005); § 120.68(1), Fla. Stat. (2005); Fla. Admin. Code R. 59A-12.030(3)(4) (2006); Fla. R.App. P. 9.030.
[4] Merkle argues also that the dispute resolution process cannot be the exclusive remedy because the enabling statute, section 408.7057, was passed years after section 641.513(5). Before the availability of the dispute resolution process, then, AHCA could presumably only levy fines and impose administrative sanctions, but not order appropriate reimbursement. A legal action would have been necessary.