66 So.3d 952 (2011)
BLUE CROSS BLUE SHIELD OF FLORIDA, INC. and Health Options, Inc., Appellants,
v.
OUTPATIENT SURGERY CENTER OF ST. AUGUSTINE, Appellee.
Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc., Appellants,
v.
Lake-Sumter Emergency Medical Services, Inc., Appellee.
Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc., Appellants,
v.
State of Florida, Agency for Health Care Administration, and Bayfront Medical Center, Appellees.
Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc., Appellants,
v.
State of Florida, Agency for Health Care Administration, and Lake-Sumter Emergency Medical Services, Inc., Appellees.
Nos. 1D09-4882, 1D09-4883, 1D09-4884, 1D09-4885, 1D09-5270, 1D10-405, 1D10-406.
District Court of Appeal of Florida, First District.
April 15, 2011.
Rehearing Denied August 11, 2011.
George N. Meros, Jr., and Andy V. Bardos of GrayRobinson, P.A., Tallahassee; Daniel Alter of Gray Robinson, P.A., Ft. Lauderdale, for Appellants.
James M. Barclay of Law Office of James M. Barclay, P.A., Tallahassee, and *953 Jerry L. Rumph, Jr., Tallahassee, co-counsel for Bayfront Medical Center, Inc. and Lake-Sumter Emergency Medical Services, Inc., Appellees. Tracy Lee Cooper, Chief Appellate Counsel, Agency for Health Care Administration, Tallahassee, for Agency for Health Care Administration, Appellee. Scott Warburton of Adams, Coogler, Watson, Merkel, West Palm Beach, for Outpatient Surgery Center of St. Augustine, LLC., Appellee.
DODSON, CHARLES W., Associate Judge.
These consolidated appeals challenge the constitutionality of the dispute resolution process established by section 408.7057, Florida Statutes (2009), as applied to a respondent. That statute directs appellee Agency for Health Care Administration (AHCA) to establish a program to provide assistance for the resolution of disputes between health plans and health care providers. It also instructs AHCA to contract with a dispute resolution organization. Consequently, AHCA contracted with Maximus, a private dispute resolution organization.
Appellants are Blue Cross and Blue Shield of Florida, Inc., and its wholly owned subsidiary Health Options, Inc. (collectively, "Blue Cross"). Appellees (1) Outpatient Surgery Center of St. Augustine, LLC (2) Lake-Sumter Emergency Medical Services and (3) Bayfront Medical Center, Inc., are medical service providers and are collectively referred to as "the Providers."
The Providers have no contractual entitlement to direct payment from Blue Cross. They bill their patients (in these cases Blue Cross customers), who are reimbursed by Blue Cross. In these cases the Providers claimed underpayment by Blue Cross and submitted their disputes to Maximus.
Pursuant to section 408.7057 and the applicable administrative rule, Maximus obtained documentation from Blue Cross and the Providers. After review of that documentation, Maximus applied its procedure for determining the reimbursement amount and made its recommendation to AHCA. That recommendation was adopted by AHCA, as required by section 408.7057(4), and a final order entered. It was from that final order that this appeal was taken.
The dispute resolution procedure used by Maximus involves no testimony and no hearing. It is purely a document review. AHCA is required to adopt the recommendation of the dispute resolution organization. Blue Cross objects to this procedure, claiming it to be unconstitutional. Blue Cross claims violations of (1) the right of access to the courts, (2) the non-delegation doctrine, (3) due process, and (4) the right of trial by jury.
When reasonably possible, this court should give a statute a constitutional construction. See Bush v. Holmes, 919 So.2d 392, 405 (Fla.2006) (observing that an appellate court "should give a statute a constitutional construction where such a construction is reasonably possible"); Tyne v. Time Warner Entm't Co., L.P., 901 So.2d 802, 810 (Fla.2005) ("This Court has an obligation to give a statute a constitutional construction where such a construction is possible."). Statutes come to this court clothed with a presumption of constitutionality. See Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 508 (Fla.2008) (recalling the "well-established principle that a legislative enactment is presumed to be constitutional"); Fla. Dep't of Revenue v. Howard, 916 So.2d 640, 642 (Fla.2005) ("[W]e are obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome *954 whenever possible."); Dep't of Legal Affairs v. Rogers, 329 So.2d 257, 265 (Fla. 1976) ("[T]he legislature is presumed to have intended to enact a valid and constitutional law and ... we will construe a statute, if possible, in such a manner as will be conducive to its constitutionality.").
The courts have consistently referred to the procedure outlined in section 408.7057 as "voluntary." See Baycare Health Sys., Inc. v. Agency for Health Care Admin., 940 So.2d 563, 569 (Fla. 2d DCA 2006) (concluding that section 408.7057 "creates a voluntary process that is an alternative to the formal administrative process"); Merkle v. Health Options, Inc., 940 So.2d 1190 (Fla. 4th DCA 2006) (finding "no indication in section 408.7057 that the dispute resolution process is mandatory"); Adventist Health Sys./Sunbelt, Inc. v. Blue Cross and Blue Shield, 934 So.2d 602, 604 n. 2 (Fla. 5th DCA 2006) (denying that "the statutory, voluntary dispute resolution process established pursuant to section 408.7057, Florida Statutes (2005), must first be exhausted"). The statute provides at section 408.7057(2)(b)6 that the resolution organization shall review disputed claims unless the claim "is the basis for an action pending in state or federal court." Thus, after these claims were filed with Maximus by the Providers, Blue Cross could have filed suit and had the dispute addressed in court, with all the constitutional safeguards provided by a court proceeding. Consistent with our holding in Health Options, Inc. v. Agency for Health Care Administration, 889 So.2d 849 (Fla. 1st DCA 2004), such a suit could have been filed at any time before fact-finding was concluded by Maximus.
This construction is consistent with the position taken by the Appellees. AHCA states in its brief "Appellants could have opted out of dispute resolution by simply informing AHCA or Maximus that they did not want to participate or by filing a declaratory or other action in circuit court." The Providers state in their brief "even after one party invokes the dispute resolution process by filing a claim with the resolution organization, the non-invoking party may file a civil action, stopping the resolution organization from considering the claim until the point that fact-finding is complete."
This is the procedure adopted by the Legislature. Because the statute includes a right of both a petitioner and a respondent to file suit, we find it to be constitutional.
Appellants retained the right to judicial review pursuant to section 120.68, Florida Statutes (2009). Pursuant to that review, the final orders entered by AHCA are affirmed.
AFFIRMED.
DAVIS, J., concurs, and WETHERELL, J., Dissents with Opinion.
WETHERELL, J., dissenting.
I agree with the underlying premise implicit in the majority's opinion that, in order to pass constitutional muster, the dispute resolution process in section 408.7057, Florida Statutes, must be voluntary, not mandatory. However, I disagree with the majority's conclusion that the statute is susceptible to an interpretation that would make participation in the process voluntary for the respondent (here, Blue Cross). Accordingly, I respectfully dissent from the decision to affirm the final orders in these cases.
The dispute resolution process in section 408.7057 is without question voluntary in the sense that a provider may chose to utilize that forum to resolve its dispute with the health maintenance organization (HMO) instead of filing suit in an appropriate court. See Baycare Health Sys., Inc. v. Agency for Health Care Admin., 940 *955 So.2d 563 (Fla. 2d DCA 2006); Merkle v. Health Options, Inc., 940 So.2d 1190 (Fla. 4th DCA 2006). However, as I read the statute and its implementing rule, once the provider selects the dispute resolution process as the forum to resolve the dispute and the resolution organization accepts review of the claim, participation in the process is mandatory for the HMO as the respondent.
Nothing in Health Options, Inc. v. Agency for Health Care Administration, 889 So.2d 849 (Fla. 1st DCA 2004), suggests otherwise or compels the result reached by the majority. The issue in that case was whether the party who initiated the dispute resolution process could prematurely end the process by withdrawing its claim. See id. at 851. This court held that once the review organization issued its recommendation, the fact-finding process was complete and the party could not withdraw its claim. Id. In reaching that decision, the court explained that section 408.7057 was intended to provide a binding dispute resolution process and that the process would be turned into a "moot court endeavor" if the party faced with an adverse recommendation could simply withdraw its claims to avoid entry of a final order by AHCA. Id. at 852-54.
Likewise, the Second District's decision in Baycare Health System and the Fourth District's decision in Merkle provide no support for the majority's decision in this case. In Baycare Health System, the court rejected the provider's constitutional challenges to section 408.7057 because the provider voluntarily selected the forum provided by the statute to adjudicate its dispute with the HMO. 940 So.2d at 569-70. In Merkle, the court rejected the HMO's argument that the provider was required to pursue its claims in the dispute resolution process under section 408.7057 and that the provider's circuit court action was barred because it failed to do so. 940 So.2d at 1198; see also Adventist Health Sys./Sunbelt, Inc. v. Blue Cross & Blue Shield, 934 So.2d 602, 604 n. 2 (Fla. 5th DCA 2006) (rejecting HMO's argument that section 408.7057 gives AHCA exclusive jurisdiction over disputes between providers and HMOs or that the provider must exhaust the dispute resolution process under the statute before bringing a civil action against the HMO).
These cases clearly establish that the dispute resolution process is voluntary in the sense that a provider may select the process as the forum to resolve its dispute with the HMO in lieu of filing suit in an appropriate court. But none of these cases involved the question presented by this case, i.e., whether participation in the dispute resolution process is mandatory for the respondent HMO when that forum is selected by the provider.
Unlike the provider, who can choose to proceed through the dispute resolution process or file an action in court, the HMO is compelled to participate in the dispute resolution process once the process is initiated by the provider. The interpretation given to the statute by the majoritythat the HMO can "opt out" of the dispute resolution process at any time by filing a judicial actionis, in my view, at odds with the statute and the implementing rule adopted by AHCA.
Section 408.7057(2)(a) requires AHCA to contract with a dispute resolution organization to review and consider claim disputes between providers and HMOs. The organization, Maximus, is required to review the dispute unless one of the statutory exceptions applies. § 408.7057(2)(b), Fla. Stat. ("The resolution organization shall review claim disputes ....") (emphasis added). One exception is that the claim "[i]s the basis for an action pending in state or federal court." § 408.7057(2)(b)6., Fla. Stat. The majority *956 construes this exception as providing the HMO the right to "opt out" of the dispute resolution process at any time by filing an action in an appropriate court.[1]
The rule adopted by AHCA to implement the dispute resolution process belies the majority's interpretation of section 408.7057(2)(b)6. Indeed, the rule makes clear that this exception is referring to judicial actions pending at the time the claim is submitted because that is the point at which Maximus is required to evaluate whether one of the statutory exceptions exists. Specifically, Rule 59A-12.030(3)(c), Florida Administrative Code, requires Maximus as part of the "application process" to "review all requests for claim dispute resolution within 10 days after receipt to determine whether the request meets the statutory and rule criteria for submission to the resolution organization as specified in subsections 408.7057(2)(b)1. through 7. and (d), F.S." See also Fla. Admin. Code R. 59A-12.030(3)(d) (requiring the resolution organization to return the claim to the filing party if the organization "determines that the dispute resolution request does not meet the statutory and rule criteria").
Nothing in the statute or the implementing rule suggests that the "review process"which follows the "application process" described abovemust be terminated by Maximus upon the respondent filing a judicial action. To the contrary, the rule provides that "[o]nce the resolution organization determines that the application meets statutory and rule criteria, it must review the documentation submitted." Fla. Admin. Code R. 59A-12.030(4)(a) (emphasis added). Moreover, once Maximus determines that the documentation submitted in support of the claim is sufficient, the HMO is required to respond to the claim by submitting all documentation in support of its position. § 408.7057(2)(f), Fla. Stat. ("The resolution organization shall require the respondent to submit all documentation in support of its position within 15 days after receiving a request from the resolution organization for supporting documentation.") (emphasis added). By statute and rule, the HMO's failure to submit such documentation "shall result in a default" against the HMO and, in the event of such default:
The resolution organization shall issue its written recommendation to the agency that a default be entered against the defaulting entity. The written recommendation shall include a recommendation to the agency that the defaulting entity shall pay the entity submitting the claim dispute the full amount of the claim dispute, plus all accrued interest, and shall be considered a nonprevailing party for the purposes of this section.
Id. Accord Fla. Admin. Code R. 59A-12.030(4)(c).
Thus, as I read the statute and its implementing rule, once Maximus screens the claim and determines that none of the statutory exceptions apply, it is required to review the claim and issue a recommendation, unless the claim is withdrawn by the provider before the recommendation is issued (or the claim is settled by the parties, *957 see Aetna Health, Inc. v. 21st Century Oncology, Inc., 919 So.2d 619 (Fla. 1st DCA 2006)). The HMO is compelled to participate in that review process by providing documents in support of its position under the threat of the entry of a default. As a result, the HMO is in a far different position than the provider who chooses the dispute resolution process as the forum to adjudicate its claim and who can end the process at any point prior to disposition by Maximus by withdrawing its claim.
Unlike the provider who was free to forego its due process rights by filing its claim with Maximus,[2] the HMO, as the respondent, has no choice except to defend against the claim in a forum that provides "de minimus" due process.[3] The "opt out" alternative read into statute by the majority is, in my view, not a real alternative because it requires the HMO to become a plaintiff in a lawsuit in order to defend against the provider's claim, thereby (among other things) assuming the burden of proof that would otherwise be with the provider as the proponent of the claim. I am not aware of any other situation in which a would-be-defendant is required to file a lawsuit in order to preserve its right to due process in defending against the plaintiff's claim.
I recognize that in Chrysler Corporation v. Pitsirelos, 721 So.2d 710 (Fla.1998), the supreme court stated that there was "no constitutional barrier" to the manufacturer being required to bear the burden of proof in a trial de novo following the mandatory arbitration proceeding under the Lemon Law even though the consumer was the original proponent of the claim. However, under the Lemon Law, a trial de novo initiated by the manufacturer is an "appeal" of the arbitration decision entered in the consumer's favor. § 681.1095(13), Fla. Stat. ("An appeal of a decision by the board to the circuit court by a consumer or a manufacturer shall be by trial de novo."). By contrast, the suit that the majority concludes may be filed by the HMO to "opt out" of the dispute resolution process under section 408.7057 is not seeking to re-litigate a claim that has already been decided in the provider's favor. Thus, the policy considerations discussed in Pitsirelos are not present here. See 721 So.2d at 713 (explaining that if the consumer were required to bear the burden of proof a trial de novo initiated by the manufacturer, the arbitration process would be relegated to "a procedural impediment to the consumer prior to accessing the circuit court without the counterbalancing benefit to which the prevailing party in arbitration should be entitled").
In my view, not only is section 408.7057(2)(b)6 not susceptible to the reading given to it by the majority, but the majority's interpretation of the statute is inconsistent with, and undermines, the purpose of the dispute resolution process. The statute is supposed to provide "a relatively simple, expeditious means of resolving claims between health-care providers and maintenance organizations." Health Options, 889 So.2d at 852. But by reading the statute to allow for the process to be short-circuited by the HMO filing a judicial action at any point before Maximus issues its recommendation, the majority's decision will likely have the effect of fostering litigation that the statute was designed to avoid.
*958 Accordingly, in light of the majority's decision, I suggest that the Legislature consider revising the entire dispute resolution process. Indeed, it seems to me that the public policy underlying section 408.7057 would be better served, and more fairly effectuated, by a process that culminates in AHCA adopting the Maximus recommendation as a proposed order that can be challenged in an administrative hearing (perhaps a summary hearing under section 120.574, as is the case for disputes between subscribers and HMOs under section 408.7056), rather than a final order subject only to (limited, if any[4]) judicial review.
In my view, there are several benefits to this approach. First and foremost, it provides the due process that is lacking under the current dispute resolution process while still providing an efficient, cost-effective process for resolving reimbursement disputes between providers and HMOs. Second, it will keep these disputes out of the already overburdened court system because the administrative hearing will preserve the respondent's due process rights without the need for the judicial "opt out" that the majority reads into the current statute. Third, it will ensure that an adequate record is created to allow for meaningful judicial review of the final order. Fourth, it will promote consistent resolution of disputes in accordance with applicable law by virtue of the system of precedent that will develop through reported administrative and judicial decisions.
Like the majority, I recognize that courts are obligated to construe statutes in a manner that renders them constitutional if at all possible. However, I cannot join the majority's decision upholding the dispute resolution process because it is based on an interpretation of section 408.7057(2)(b)6 in isolation without giving due regard to the context in which the statute applies, as reflected in the implementing rule adopted by AHCA. Accordingly, I respectfully dissent from the decision affirming the orders on appeal and rejecting Blue Cross' constitutional challenge to the dispute resolution process.
NOTES
[1] As noted in the majority opinion, AHCA took the position in its brief that the HMO could not only opt out of the dispute resolution process by filing an action in court, but also by "simply informing AHCA or Maximus that [it] did not want to participate" in the process. AHCA reiterated this position at oral argument. I see nothing in the statute, its implementing rule, or the case law that supports the "opt out by request" option advocated by AHCA, and I do not read the majority's opinion to adopt this portion of AHCA's interpretation of the statute. Rather, I read the opinion to construe the statute to require the HMO to file an action in an appropriate court in order to "opt out" of the dispute resolution process.
[2] See Baycare Health System, 940 So.2d at 569 (concluding that the state did not deprive the provider of its due process rights through section 408.7057 because, although the provider had the option of bringing its claim in court, it "chose to forego [its due process rights], perhaps in the hopes of a more expedient resolution of its claims").
[3] Id. at 568 n. 8 (observing that "`Maximus' may be oddly named because the process by which it resolves claims might more aptly be described as `de minimus'").
[4] The Second District held that "[u]nder section 408.7057, neither [the appellate court] nor the AHCA may review the merits of the decision of Maximus [] so long as it was entered in accordance with the statute." Baycare Health System, 940 So.2d at 570. I disagree that the merits of the decision are not subject to judicial review, but I recognize that such review is limited based on the standards in section 120.68 and the "de minimus" record created by Maximus. Nevertheless, I see nothing in section 120.68 that would preclude the appellate court from remanding the case to AHCA (or Maximus) for reconsideration if the court determines that the decision was based on an erroneous application or interpretation of the reimbursement statutes, for example. Indeed, section 120.68(7)(d) specifically allows the court to set aside the agency action or remand the case to the agency for further proceedings where the agency has "erroneously interpreted a provision of law and a correct interpretation compels a particular action." I do not read the majority opinion to have addressed this issue one way or the other, likely because Blue Cross did not challenge the merits of the final orders in this appeal.